[No. 23158-1-II.    Division Two.    April 9, 1999.]

SHERRY D. INMAN, *Appellant*, v. JIM NETTELAND, ET AL., *Respondents*.

*Kurt A. Anagnostou* of *Daggy & Anagnostou, P.S.*, for appellant.

*Brian M. Baker* of *Brian M. Baker, Inc. P.C.*, for respondents.

SEINFELD, J. — Sherry Inman appeals from a judgment entered following arbitration. Based upon the Supreme Court's recent decision in *Roberts v. Johnson*, 137 Wn.2d 84, 969 P.2d 446 (1999), we agree that the 20-day period in which to request a trial de novo under MAR 7.1[1] does not commence until the arbitrator files proof of service of the award, pursuant to MAR 6.2.[2] Thus, we reverse.

## FACTS

An arbitrator held in favor of Jim and Susan Netteland in this sexual discrimination lawsuit. On August 1, 1996, the arbitrator filed his award in Lewis County Superior Court but did not file an affidavit of proof of service upon the parties.

On August 12, Inman faxed a request for trial de novo to the Nettelands' attorney and mailed copies of the request along with an affidavit of facsimile service to the superior court clerk, who filed these documents on August 16.

The superior court set the matter for trial in May 1998. But in February 1998, after the Supreme Court filed its decision in *Nevers v. Fireside, Inc.*, 133 Wn.2d 804, 947 P.2d

---

[1] MAR 7.1(a) provides in pertinent part:

Within 20 days after the arbitration award is filed with the clerk, any aggrieved party not having waived the right to appeal may serve and file with the clerk a written request for a trial de novo in the superior court along with proof that a copy has been served upon all other parties appearing in the case. The 20-day period within which to request a trial de novo may not be extended.

[2] MAR 6.2 provides in pertinent part:

Within 14 days after the conclusion of the arbitration hearing, the arbitrator shall file the award with the clerk of the superior court, with proof of service of a copy on each party. . . . Late filing shall not invalidate the award.

721 (1997), the Nettelands moved to strike the trial de novo and to enter the arbitrator's award, claiming for the first time that Inman did not properly serve them pursuant to CR 5(b) and *Nevers*.

The trial court granted the Nettelands' motion and entered judgment on the arbitrator's award. Inman appealed to this court on April 6, 1998. She filed a brief on July 20 in which she raised for the first time the issue of the arbitrator's failure to file proof of service.

Responding to a telephone call from the Nettelands, on August 13, 1998, the arbitrator filed additional documents with the superior court clerk.[3] He filed a declaration explaining that an affidavit of mailing had been prepared two years earlier when the arbitration award was mailed to the superior court, but for some unstated reason the original affidavit of mailing was never filed. Attached to this declaration was a copy of the July 1996 affidavit of mailing.

Inman had no knowledge of this filing until 34 days later, on September 16, 1996, when the Nettelands faxed a copy of the arbitrator's declaration to Inman. The Nettelands filed their brief with this court and served a copy on Inman the next day, September 17.

On appeal, Inman argues that the superior court erred in entering judgment because (1) the 20-day period set forth in MAR 7.1 for filing a request for trial de novo had not commenced; (2) service on an attorney or party by facsimile satisfies MAR 7.1 and CR 5(b); (3) she substantially complied with the service requirements in MAR 7.1 and CR 5(b); and (4) the Nettelands are precluded from claiming insufficient service on the grounds of waiver or estoppel because they agreed to the trial setting and did not make a timely objection.

## I. COMMENCEMENT OF 20-DAY PERIOD UNDER MAR 7.1

The Nettelands claim that Inman cannot raise the issue

---

[3]We obtained this information during oral argument; it is not part of the record on appeal.

of the arbitrator's failure to file proof of service because she did not raise it below and has not cited authority in support of her position. In the alternative, they contend that the arbitrator fully complied with MAR 6.2 by filing his August 13, 1998, declaration and that Inman did not perfect her improper service of the request for trial de novo within 20 days as required by MAR 7.1.

In her reply brief, Inman contends that this is a jurisdictional issue and thus may be heard for the first time on appeal pursuant to RAP 2.5(a). She further contends that the arbitrator's late filing of his declaration should be disregarded because this court already had jurisdiction of the matter and because the attached "proof of service" was filed in response to Inman's argument on appeal and without notice to Inman until more than 20 days after its filing.

(a) Standing

Under MAR 6.2, the "filing of an arbitration award is not complete until and unless accompanied by proof of service of the award"; "[t]he 20-day period in which an aggrieved party must request a trial de novo does not commence running until filing is perfected in this way." *Roberts*, 137 Wn.2d at 93. A party may bring a CR 60(b)(1) motion within one year after entry of judgment where the arbitrator filed his award without filing proof of service.[4] *Roberts*, 137 Wn.2d at 93. It is not a defense to the motion that the trial court earlier dismissed a trial de novo request on the basis that it did not strictly comply with the MAR 7.1(a) service requirements. *See Roberts*, 137 Wn.2d at 87-88.

Thus, under *Roberts*,[5] the "arbitration award is not

[4]A motion to vacate the judgment on grounds that the court lacked jurisdiction, CR 60(b)(5), is not proper because the superior court's " 'jurisdiction is invoked upon the filing of the underlying lawsuit and it is not lost merely because the dispute is transferred to mandatory arbitration.' " *Roberts*, 137 Wn.2d at 92-93 (quoting *Nevers*, 133 Wn.2d at 812 n.4).

[5]The Supreme Court filed its opinion in *Roberts* on January 7, 1999, after all the briefs in this matter were filed.

complete" and Inman may still move to vacate the superior court judgment, unless the August 1998 filing of the arbitrator's declaration commenced the running of MAR 7.1's 20-day period for requesting a trial de novo. Thus, we consider Inman's argument regarding the commencement date.

(b) Commencement of 20-day period

■ The arbitrator did not fully comply with MAR 6.2 until he filed his affidavit of mailing on August 13, 1998. Thus, the 20-day period to request a trial de novo could not have commenced running before this date. *Roberts*, 137 Wn.2d at 93. Because the trial court entered judgment before the arbitrator had fully complied with MAR 6.2, it is subject to challenge based on an "irregularity" in obtaining the judgment. *Roberts*, 137 Wn.2d at 93; CR 60(b).

The Nettelands essentially claim that the arbitrator's late filing of the affidavit of mailing cured any defect in the judgment. We disagree.

The arbitrator did not file his "proof of service" until after jurisdiction transferred to this court, after Inman submitted her opening brief, and without notice to Inman until after the expiration of the 20-day period. Under these circumstances, it would be inequitable and inappropriate to start the 20-day clock running on August 13, 1998. Because this court had jurisdiction of the matter and it is reasonable to conclude that the arbitrator would not suddenly have acted after two years of silence absent the contact from the Nettelands, we conclude that the filing of this appeal tolled the 20-day period and any other time period for attacking the judgment; this matter remained tolled until the filing of the mandate. RAP 8.1(b)(3); RAP 8.3; *see Purser v. Rahm*, 104 Wn.2d 159, 177, 702 P.2d 1196 (1985) (the equities may require maintenance of the status quo to preserve the fruits of a successful appeal).

■ Further, this reasoning is consistent with the policy supporting RAP 7.2(e), which limits the trial court's discretion to act if the trial court's ruling will change a decision

that the appellate court is reviewing. Because the appellate court must decide matters based upon the record before the trial court, the consideration of events occurring during the pendency of an appeal would interfere with its ability to conduct a fair and orderly review. *See State v. West*, 64 Wn. App. 541, 545, 824 P.2d 1266 (1992) (trial court has no authority to sign an order of indigency on a motion filed or served beyond the time allowed for filing a notice of appeal).

## II. SERVICE BY FACSIMILE

Because there is a potential for Inman's alternative arguments to arise again in this case, we address them now. Inman claims that service on an attorney or party by facsimile satisfies MAR 7.1 and CR 5(b) and, if not, "substantial compliance" is all that is required when the method of service is reasonably calculated to give notice and the opposing party receives actual notice.

We rejected Inman's first argument in *O'Neill v. Jacobs*, 77 Wn. App. 366, 890 P.2d 1092 (1995). Addressing CR 5(b), the *O'Neill* court held:

> Service by facsimile is not a method of delivery provided for in the rule.

> While advances in technology may someday result in the acceptance of service by facsimile as an authorized form of delivery, this is a policy question which is most appropriately decided within the established process for amendment of court rules. . . . Therefore, we hold that the delivery of the request for trial de novo by facsimile . . . did not satisfy the service requirements of MAR 7.1.

77 Wn. App. at 369. Although the second part of the *O'Neill* opinion allowing for substantial compliance was overruled in *Nevers*, 133 Wn.2d 804, the above-quoted portion of the *O'Neill* opinion is still controlling law. Thus, sending a facsimile copy of a request for trial de novo does not constitute service on an attorney or party as required by MAR 7.1(a) and as further defined in CR 5(b).

██ The Supreme Court rejected Inman's second argument in *Nevers* holding that "it is only when there has been timely *service* and filing of proof of that service, that the court may conduct a trial de novo. Both steps must be taken, and on this the rule is unambiguous." 133 Wn.2d at 812 (emphasis added). Without addressing the *O'Neill* court's holding that sending a facsimile copy of a request for trial de novo does not constitute service on the opposing party, the *Nevers* court stated:

> We are not unmindful of the fact that our holding here is contrary *in part* to decisions from two Divisions of the Court of Appeals. *See O'Neill v. Jacobs*, 77 Wn. App. 366, 890 P.2d 1092 (1995) (Division Two); *Hoirup v. Empire Airways, Inc.*, 69 Wn. App. 479, 848 P.2d 1337 (1993) (Division One). In both cases, the request for trial de novo had been timely filed but the copy of the request *was not served* within 20 days of the date the arbitration award was filed. Those courts concluded that the filing of proof that all parties appearing in the case had been served with a copy of the request for trial de novo was a mere procedural requirement which could be satisfied by substantial compliance. . . .
>
> We believe that the aforementioned decisions of the Court of Appeals fail to appreciate that the requirement that an aggrieved party timely file its request for trial de novo is linked to the requirement that there be a filing of proof of timely service of the request. One act, in short, is not complete without the other.

133 Wn.2d at 813 (emphasis added). The *Nevers* court stated that "strict compliance" with MAR 7.1 "is dictated by [its] plain language" and "better effectuates the Legislature's intent in enacting the statutes providing for mandatory arbitration of certain civil cases." 133 Wn.2d at 815.

> Were we to conclude that the specific requirement of MAR 7.1 that copies of a request for trial de novo be served within 20 days of the filing of the arbitration award and that proof of that service be filed within that same period may be satisfied by substantial compliance, we would be subverting the

Legislature's intent by contributing, inevitably, to increased delays in arbitration proceedings.

*Nevers*, 133 Wn.2d at 815. Thus, MAR 7.1(a) is not satisfied by substantial compliance.

Because Inman's original request for trial de novo was premature, we do not address her arguments based upon waiver or estoppel. Thus we reverse the trial court's judgment and remand for further proceedings consistent with this opinion.

BRIDGEWATER, C.J., and ARMSTRONG, J., concur.