[Nos. 22964-1-II; 23258-8-II; Division Two. November 19, 1999.]
24746-1-II; 23408-4-II.

JON E. CARPENTER, *Appellant*, v. BARBARA ELWAY, ET AL., *Respondents*.

DONALD MORROW, *Appellant*, v. JOSE RUIZ-BEYO, ET AL., *Respondents*.

DONALD MORROW, *Respondent*, v. JOSE RUIZ-BEYO, ET AL., *Appellants*.

LOWELL ING, ET AL., *Respondents*, v. JIMMIE D. HASKINS, ET AL., *Appellants*.

978

*James Marston Brown* of *Phillips, Krause & Brown*, for appellant Carpenter.

*William Robert Hickman* and *Marilee C. Erickson* of *Reed McClure* for appellants/respondents Keam Thou and Ruiz-Beyo.

*Richard L. Levandowski* of *Finch & Levandowski*, for appellant/respondent Morrow.

*Walter Marland Hackett, Jr.*, for appellants Haskins.

*William Robert Hickman* and *Marilee C. Erickson* of *Reed McClure*; and *Mark J. Dynan*, for respondents Elway.

*Jonathan B. Noll* of *Foster Pepper & Shefelman*, for respondents Ing and Foon.

SEINFELD, J. — These four consolidated cases involve application of Mandatory Arbitration Rules (MAR) 6.2, 6.3 and 7.1(a), which set forth procedures for filing an arbitration award, seeking a trial de novo, and entering or vacating judgment on an award. Specifically, we consider the consequences of filing a request for a trial de novo before the arbitrator has filed proof of service of the arbitration award, what constitutes sufficient proof of service, and the minimum requirements for appealing a judgment on an arbitration award.

We hold that a request for a trial de novo is premature if filed before the arbitrator files proof of service and that a judgment on an arbitration award is not appealable until after the challenger has brought a CR 60 motion, or its substantial equivalent, before the trial court. Thus, we affirm the trial court in *Carpenter v. Elway* and in *Ing v. Haskins*. We vacate and remand the judgment in *Morrow v. Ruiz-Beyo*.

## FACTS
### A. Carpenter v. Elway

On November 19, 1997, Barbara and Sam Elway received a copy of the arbitrator's award in their lawsuit against Jon Carpenter. On that same day, they mailed to the trial court clerk their request for a trial de novo and a copy of the request, upon which there was a certification of service stamp attesting that they had sent a copy to Carpenter. In an accompanying letter, Elway asked the clerk to file the original and send back the conformed copy, which the clerk did.

The next day, November 20, the arbitrator filed the award with the superior court. The bottom of the award carried the following notation: "Original to the Clerk for filing with copies to each party." But the arbitrator did not file proof of service.

Carpenter received his copy of Elway's request on November 24, 1997. In January 1998, after discovering that the court file did not contain proof of service of Elway's trial de novo request, Carpenter moved for entry of judgment. Citing *Nevers v. Fireside, Inc.*, 133 Wn.2d 804, 947 P.2d 721 (1997), the trial court granted the motion and entered judgment accordingly.

About two weeks later, Elway moved for reconsideration pursuant to CR 59(b). Elway argued that because the arbitrator had not filed proof of service of the award pursuant to MAR 6.2, the 20-day period required in MAR 7.1(a) had not yet begun to run.

In opposition, Carpenter argued that (1) under MAR 6.3, Elway could attack the judgment only by filing a CR 60 motion to vacate; (2) the arbitrator's failure to file proof of service did not toll the 20-day MAR 7.1(a) period; and (3), in any event, the notation at the bottom of the award constituted proof of service under MAR 6.2.

The trial court rejected Carpenter's argument that the notation on the award constituted proof of service, noting that "the arbitrator has to file proof of service just like [MAR] 7.1(a), because, . . . sauce for the goose is sauce for the gander, and that's the way it is." Consequently, the trial court granted Elway's motion and vacated the judgment, reasoning that the award had not been properly filed pursuant to MAR 6.2 and, thus, the MAR 7.1(a) 20-day time period had not yet started.

Carpenter appeals.

### B. *Morrow v. Ruiz-Beyo*

On April 3, 1997, an arbitrator filed an award in favor of Donald Morrow against defendants, Jose and Jane Doe

Ruiz-Beyo, and Keam and Jane Doe Thou (collectively Thou). The arbitrator did not file proof of service.

On April 16, Thou filed a request for a trial de novo along with a legal messenger slip. But the legal messenger document did not indicate the name and address of the party served or the date of delivery. On April 30, Thou filed a certificate of service and another messenger slip showing service of the request for trial de novo on Morrow's attorney on April 16.

On March 13, 1998, Morrow moved to strike the request for trial de novo and for entry of judgment. Thou objected, contending that (1) they had served a copy of their request within the statutory 20-day period, and (2) the 20-day period for filing had not yet expired because the arbitrator had not yet filed proof of service.

The trial court granted Morrow's motion and struck the trial de novo. Several days later, the arbitrator filed a signed confirmation of service averring that "[a]ll parties were served with the Arbitrator's Award on April 4th, 1997." Nonetheless, the trial court entered judgment for Morrow.

Thou then filed a notice of appeal, cause No. 23258-8-II. While the appeal was pending, Thou filed with the trial court a CR 60(b) motion to vacate the judgment. Citing *Roberts v. Johnson*, 137 Wn.2d 84, 969 P.2d 446 (1999), Thou argued that their proof of service for a trial de novo was not untimely filed because the arbitrator had not yet filed proof of service of the arbitration award. The trial court, noting that the matter was on appeal, denied the motion on the grounds that it did not have jurisdiction under RAP 7.2 until the appellate court remanded the matter.

Thou then filed a second appeal from this ruling, cause No. 24746-1-II. This court then consolidated the two Thou appeals, and later consolidated them with the Carpenter and Haskins appeals.

## C. Ing v. Haskins

On February 19, 1998, the arbitrator filed an award in

favor of Lowell and Patricia C. Ing, and Betty Foon (collectively Ing) against Jimmie D. and Leatta Haskins. Haskins timely filed and served a request for trial de novo but neglected to file proof of service. Sometime after the 20-day period for perfecting a request for a trial de novo had expired, Ing moved for entry of judgment. The trial court granted the motion, reasoning that Haskins had failed to meet the 20-day deadline set forth by MAR 7.1(a). Haskins appeals.

## DISCUSSION

The Legislature's purpose in adopting mandatory arbitration legislation was to " 'reduce congestion in the courts and delays in hearing civil cases.' " *Nevers*, 133 Wn.2d at 815 (emphasis omitted) (quoting *Perkins Coie v. Williams*, 84 Wn. App. 733, 737, 929 P.2d 1215, *review denied*, 132 Wn.2d 1013 (1997)). RCW 7.06.030 authorizes the Supreme Court to promulgate mandatory arbitration rules. *Roberts*, 137 Wn.2d at 88. These rules (MAR) implement basic procedural requirements set forth in RCW 7.06.050.[1] *Roberts*, 137 Wn.2d at 88.

MAR 6.2 requires the arbitrator to file his award "with the clerk of the superior court, with proof of service of a copy on each party." An aggrieved party then has 20 days to "serve and file with the clerk a written request for a trial de novo in the superior court along with proof that a copy has been served upon all other parties appearing in the case." MAR 7.1(a).

If the aggrieved party fails to seek a trial de novo by the

---

[1]RCW 7.06.050 states:

"Following a hearing as prescribed by court rule, the arbitrator shall file his decision and award with the clerk of the superior court, together with proof of service thereof on the parties. Within twenty days after such filing, any aggrieved party may file with the clerk a written notice of appeal and request for a trial de novo in the superior court on all issues of law and fact. Such trial de novo shall thereupon be held, including a right to jury, if demanded.

"If no appeal has been filed at the expiration of the twenty days following filing of the arbitrator's decision and award, a judgment shall be entered and may be presented to the court by any party, on notice, which judgment when entered shall have the same force and effect as judgments in civil actions."

20-day deadline set forth in MAR 7.1(a), the prevailing party is entitled to an entry of judgment on the award. MAR 6.3. Such judgment "is subject to all provisions of law relating to judgments in civil actions, but it is not subject to appellate review and it may not be attacked or set aside except by a motion to vacate under CR 60." MAR 6.3.

■ Further, because MAR 7.1(a) requires that the aggrieved party file proof of service "along with" its request for trial de novo, a trial court cannot grant a trial de novo unless the aggrieved party has served the request *and* filed proof of that service within the 20-day limit imposed by MAR 7.1(a). *Roberts*, 137 Wn.2d at 89; *Nevers*, 133 Wn.2d at 811-13. The two acts, filing the request, and filing proof of service, are linked: "[o]ne act, in short, is not complete without the other." *Id.* at 813.

■ The strict compliance requirement also applies to the filing of arbitration awards under MAR 6.2. *Roberts*, 137 Wn.2d at 90. MAR 6.2 requires an arbitrator to file the award "with proof of service." *Id.* at 91. Thus, "the filing of one document (the award) is not complete without filing of the other (proof of service)." *Id.* at 93; *Inman v. Nettel-and*, 95 Wn. App. 83, 87, 974 P.2d 365 (1999). Because filing of the arbitration award under MAR 6.2 triggers the MAR 7.1(a) 20-day time limit for filing a request for trial de novo, it follows that the 20-day period to request a trial de novo does not commence until the arbitrator has filed both the award and proof of service. *Roberts*, 137 Wn.2d at 93; *Inman*, 95 Wn. App. at 87.

The rules and statutes pertaining to arbitration awards also restrict the reviewability of awards; this promotes the legislative purposes of providing for finality of disputes, alleviating court congestion, and reducing delay. *Pybas v. Paolino*, 73 Wn. App. 393, 398, 869 P.2d 427 (1994). Consequently, a MAR 6.3 judgment on an arbitration award "is not subject to appellate review, nor subject to attack or vacation except by a motion to vacate under CR 60." *Pybas*, 73 Wn. App. at 398; *see also Roberts*, 137 Wn.2d at 93

and *Inman*, 95 Wn. App. at 87 (both courts noting that CR 60(b)(1) motion is proper form of relief from judgment on award).

## A. Carpenter

■ Carpenter, the prevailing party before the arbitrator, appeals the order vacating judgment. We review an order vacating a judgment under the abuse of discretion standard. *In re Marriage of Dugan-Gaunt*, 82 Wn. App. 16, 18, 915 P.2d 541 (1996); *Pybas*, 73 Wn. App. at 399. A trial court abuses its discretion if it exercises it on untenable grounds or for manifestly unreasonable reasons. *State ex rel. Carroll v. Junker*, 79 Wn.2d 12, 26, 482 P.2d 775 (1971).

Carpenter contends that Elway's attack on the judgment was deficient because Elway did not strictly comply with MAR 6.3, which requires a CR 60(b)(1) motion to vacate a judgment on an arbitration award. *Roberts*, 137 Wn.2d at 93; *Inman*, 95 Wn. App. at 87; *Pybas*, 73 Wn. App. at 398. Elway referred to their motion as a CR 59 motion for reconsideration.[2]

■ Although the rules require a CR 60(b)(1) motion, in this instance we find Elway's deviation from the technical requirements to be inconsequential. As even Carpenter notes, only the technical requirements of CR 60(e) distinguished Elway's motion from a properly filed CR 60(b)(1) motion. *See Lindgren v. Lindgren*, 58 Wn. App. 588, 593-94, 794 P.2d 526 (1990) (mere technical errors in filing CR 60 motion constitutes harmless error).

Specifically, Elway did not label their motion CR 60(b), did not file a motion and affidavit seeking a show cause hearing, and did not serve an order to show cause. Rather, Elway moved to vacate the judgment—an action available under CR 60 but attempted under CR 59—and noted the

---

[2]CR 59(a)(1) allows a trial court to vacate a judgment or order and grant a new trial for an irregularity in the proceedings of the court. CR 60(b)(1) is somewhat analogous in that it allows a court to vacate a judgment for an "irregularity in obtaining a judgment or order." The movant must file the CR 60(b)(1) motion within one year after entry of judgment. *Roberts*, 137 Wn.2d at 93.

motion for hearing. Carpenter submitted a thorough response to Elway's motion and vigorously argued against it. *See Lindgren*, 58 Wn. App. at 594 (finding harmless error when a party failed to file proper notice but opposing party prepared and argued motion anyway). And the argument primarily focused on whether the arbitrator's failure to file proof of service required the trial court to vacate the judgment, a substantive argument that would have been identical under a CR 60(b)(1) motion.

Pointing to the *Nevers* and *Roberts* decisions, Elway argues that the Supreme Court requires strict compliance in matters related to mandatory arbitrations. *See Roberts*, 137 Wn.2d at 93; *Nevers*, 133 Wn.2d at 815. But strict compliance with pleading rules would not further the legislative goal of reducing delay and court congestion in the same way as strict requirements related to the timely filing of proof of service. *See Roberts*, 137 Wn.2d at 89; *Nevers*, 133 Wn.2d at 815. The strict compliance called for in *Nevers* and *Roberts* enhances finality; 20 days after the filing of the arbitrator's award and proof of service, the prevailing party can review the court file and determine whether it can obtain entry of judgment. If, at that time, the file does not contain a request for a trial de novo or proof of service of the request, the matter is essentially concluded.

We see no similar benefit in limiting an aggrieved party's right to challenge entry of judgment because of a failure to meet CR 60 technical requirements. While we do not condone Carpenter's failure to strictly follow MAR 6.3, the deficiency was harmless and does not warrant reversal.

Finally, had the trial court denied Elway's motion, Elway would have had sufficient time to file a CR 60(b)(1) motion. *See Roberts*, 137 Wn.2d at 93 (noting one-year deadline for filing CR 60(b)(1) motion). Consequently, the defect would have had no effect on the ultimate outcome.[3]

Carpenter also argues that the instruction at the bottom

---

[3]We reject Elway's argument that the *Nevers* requirement regarding timely filing of proof of service is dicta. *Roberts* clearly endorsed *Nevers'* strict compli-

of the arbitration award constituted substantial compliance with the MAR 6.2 proof of service requirements. We disagree.

■ MAR 1.3(b)(2), which governs service of arbitration documents, requires service in accordance with CR 5. CR 5(b)(1) states that personal service is made on a party or attorney by handing the copy directly to the party, attorney or person in charge of receiving such copies. By analogy, under MAR 6.2 or 7.1(a), adequate proof of personal service requires some evidence as to time, place, and manner of service.[4] *See* CR 4(g)(7) (requiring that affidavit of service of summons state "time, place, and manner of service").

The instruction on the arbitration award does not indicate the time, place, or manner of delivery. It merely carries an instruction to file the award and serve the copies. This is insufficient under *Roberts*, which holds that the strict compliance standard of MAR 7.1(a) applies to the filing of arbitration awards under MAR 6.2. 137 Wn.2d at 90. Thus, the trial court correctly concluded that the arbitrator had not filed proof of service at the time of entry of judgment and, consequently, the 20-day period for requesting a trial de novo had not yet commenced. *Roberts*, 137 Wn.2d at 86, 93; *Inman*, 95 Wn. App. at 85-86. The trial court did not err in vacating the judgment in the matter of *Carpenter v. Elway*.

## B. Thou

Thou brought two appeals: a direct appeal of the entry of judgment on the award and then, while that appeal was pending, the appeal of the denial of his CR 60(b)(1) motion. Morrow asks us to not review the first appeal, contending that it was untimely filed.

---

ance standard as to filing of proof of service for both arbitration awards and requests for trial de novo. *Roberts*, 137 Wn.2d at 90; *see also Kim v. Pham*, 95 Wn. App. 439, 443, 975 P.2d 544 (1999). Thus, Elway's request was not timely filed.

[4]By contrast, CR 5(b)(2)(B) requires proof of service by mail in the form of a signed certificate of mailing.

The trial court entered judgment on April 10, 1998, and Thou filed their notice of appeal on May 5. The appeal was timely. *See* RAP 5.2 (generally, an aggrieved party must file notice of appeal within 30 days after entry of the decision the party seeks to appeal). But Thou had not challenged the judgment by bringing a CR 60 motion before the trial court. Thus, the judgment was not subject to appellate review. MAR 6.3; *Roberts*, 137 Wn.2d at 93; *Inman*, 95 Wn. App. at 87; *Pybas*, 73 Wn. App. at 398.[5]

Notwithstanding the failure of Thou's first appeal, they timely filed a CR 60 motion to vacate and appealed the trial court's denial of that motion, cause No. 24746-1-II. MAR 6.3; *Roberts*, 137 Wn.2d at 93; *Inman*, 95 Wn. App. at 87; *Pybas*, 73 Wn. App. at 398. Now Thou challenges the trial court's ruling that it lacked jurisdiction because of the pending appeal, No. 23258-8-II.

The trial court abuses its discretion if it exercises it on untenable grounds or for manifestly unreasonable reasons. *Carroll*, 79 Wn.2d at 26. Under RAP 7.2(e), the trial court has authority to hear and determine postjudgment motions on cases before an appellate court. But if the trial court's determination will change a decision being reviewed by the appellate court, the trial court must obtain permission from the appellate court before formally entering a decision. RAP 7.2(e); *Metropolitan Park Dist. v. Griffith*, 106 Wn.2d 425, 439, 723 P.2d 1093 (1986); *Marquis v. City of Spokane*, 76 Wn. App. 853, 862, 888 P.2d 753 (1995), *aff'd*, 130 Wn.2d 97, 922 P.2d 43 (1996).

Here, Thou proposed following the proper RAP 7.2(e) procedure. But the trial court rejected that approach, reasoning that it first needed authority from this court pursuant to a stipulation of the parties.

---

[5]Further, Thou's contentions in his first appeal lack merit. *Nevers* is not merely dicta; the application of *Nevers* does not violate the constitutional right to trial by jury; *Nevers* does not apply prospectively only; MAR 7.1(a) is not inconsistent with RCW 7.06.050 or ambiguous as to its filing requirements; strict compliance is not inconsistent with legislative intent; and the application of *Nevers* does not deprive the trial court of jurisdiction. *Roberts*, 137 Wn.2d at 93; *Nevers*, 133 Wn.2d at 812 n.4; *Kim*, 95 Wn. App. at 443-46; *Westberg v. All-Purpose Structures, Inc.*, 86 Wn. App. 405, 412-13, 936 P.2d 1175 (1997).

■ The trial court erred in denying the motion on jurisdictional grounds. It retained jurisdiction to consider Thou's postjudgment CR 60 motion to vacate pursuant to MAR 6.3. *Roberts*, 137 Wn.2d at 93; *Inman*, 95 Wn. App. at 87; *Pybas*, 73 Wn. App. at 398. Further, it had authority under RAP 7.2(e) to decide the motion and, if that ruling would change the result, the trial court could then seek permission from this court to enter its order. *Metropolitan Park Dist.*, 106 Wn.2d at 439; *Marquis*, 76 Wn. App. at 862.

Given this error, we generally would remand with instructions to determine Thou's CR 60(b) motion and enter an order accordingly. But because this case involves a question of law that we can determine and because a remand would not be an efficient use of court resources, we will decide the issue on the merits. RAP 12.1(a).

Thou, citing *Roberts*, argues that the trial court entered judgment prematurely—before the arbitrator had filed a valid proof of service. Thou argues that, therefore, the 20-day MAR 7.1(a) deadline had not yet expired.

Morrow concedes that the arbitrator did not file confirmation of service until March 30, 1998, nearly a year after filing of the arbitration award. But Morrow argues that the confirmation of service and messenger slip, when filed, satisfied MAR 6.2 and that Thou then was required to file a new request for trial de novo and proof of service. MAR 7.1(a).

We first consider whether the arbitrator filed proper proof of service. As discussed above, adequate proof of personal service under MAR 6.2 or 7.1(a) requires an indication of time, place, and manner in which the arbitrator or party served the award or request for trial de novo.

The arbitrator's confirmation of service merely states that "[a]ll parties were served with the Arbitrator's Award on April 4th, 1997." It does not indicate how and upon whom the arbitrator served the award. Given even the minimal requirements of CR 5(b)(1), such a vague confirmation by itself does not constitute proper proof of service of the arbitration award.

The legal messenger slip showing that the arbitrator had served Thou's attorney with the confirmation of service at 3:30 A.M. on March 30, 1998, does not cure the deficiency. It merely shows that Thou received the confirmation of service; it does not show service of the arbitration award itself. Consequently, Morrow's argument is unpersuasive; the arbitrator never perfected filing as required by MAR 6.2. *Roberts*, 137 Wn.2d at 93.[6]

A reviewing court will reverse a judgment obtained before the arbitrator has perfected filing of the award. *See Roberts*, 137 Wn.2d at 93. Here, the trial court should have vacated the judgment. *Id.* at 92. In the interests of justice, we use our inherent authority to do so now. RAP 12.2.

Because of the possibility that Thou will again seek a trial de novo, we consider Morrow's argument that MAR 7.1(a) requires Thou to file a new request for a trial de novo after the arbitrator perfects filing of the award. MAR 7.1(a) states that a party must request a trial de novo *after* the arbitrator files the award, which does not occur until the arbitrator files both the award and proof of service. *Roberts*, 137 Wn.2d at 93.

■ It follows that a request for trial de novo has no effect until the arbitrator complies with MAR 6.2. *See Roberts*, 137 Wn.2d at 92 (noting that order vacating judgment allowed subsequent filing of request for trial de novo); *Inman*, 95 Wn. App. at 91 (observing that request for trial de novo filed before arbitrator filed award was "premature"). But we see no reason why the filing of the arbitrator's proof of service should not activate a premature filing of a request for trial de novo. *See, e.g., Barnett Bank v. Fleming*, 508 So. 2d 718, 720 (Fla. 1987) (holding that prematurely filed motion to dismiss for want of prosecution is still effective

---

[6]Nor did Thou's April 16, 1997 legal messenger slip comply with CR 5(b)(1). The messenger slip does not indicate the name and address of Morrow or his attorney or indicate actual delivery. But the April 30 certification of service and legal messenger slip show that Thou sent a copy of the request and that Morrow actually received it at a certain place and time. Thus, the April 30 certification complied with CR 5(b)(1) and MAR 7.1(a).

upon proper filing date); *Gersten v. American Transit Ins. Co.*, 161 Misc. 2d 57, 613 N.Y.S.2d 555, 558 (1994) (noting that arbitration award lies dormant during pendency of de novo action and "is revived when that action is dismissed for failure to prosecute or other similar basis not on the merits"). To hold otherwise would create a trap for the unwary but diligent aggrieved party who files a request for a trial de novo immediately upon receipt of notice of the filing of the award.

If unbeknownst to the aggrieved party, the arbitrator delays filing proof of service for a few days, the request would be a nullity. Other than checking the court file on a daily basis, the aggrieved party would have no way to determine when to file its request. This would be an unduly burdensome and unfair requirement, particularly where the aggrieved party resides in a different county. *See American Civil Liberties Union v. Blaine Sch. Dist. No. 503*, 86 Wn. App. 688, 694-95, 937 P.2d 1176 (1997) (noting that distance requester must travel to inspect public records justifies mailing copies of such records under RCW 42.17.270).

Thus, we conclude that principles of justice and certainty require that when a requesting party prematurely files its request for trial de novo before the arbitrator has filed proof of service of the award, the request lies dormant until such time as the arbitrator activates it by filing proof of service. *See Gersten*, 613 N.Y.S.2d at 558; *Barnett*, 508 So. 2d at 720.

Because the arbitrator has not yet filed proof of service in this case, we vacate the judgment.[7]

## C. Ing

There is no evidence that Haskins filed proof of service

---

[7]In his first appeal, Thou also contended that Morrow was estopped from asserting a violation of MAR 7.1(a) because he waited nearly a year before moving to strike the trial de novo. As other issues control the outcome in Thou's favor, we need not consider this argument.

of the request for trial de novo within the 20-day period required by MAR 7.1(a). And Haskins does not raise any issue regarding the timely filing of the arbitration award. Rather, citing *Crider v. City of Othello*, 9 Wn. App. 536, 513 P.2d 571 (1973), he simply contends that actual service is sufficient and, hence, proof of service is not required.

*Crider* does not control; it does not pertain to MAR 7.1(a). *Nevers* clearly mandates strict compliance with MAR 7.1(a). 133 Wn.2d at 811-12; *Kim v. Pham*, 95 Wn. App. 439, 443, 975 P.2d 544 (1999). Because Haskins did not comply, the trial court correctly denied his request for a trial de novo and entered judgment pursuant to MAR 6.3.[8]

In summary, we affirm the order vacating the judgment in *Carpenter v. Elway*, vacate the judgment in *Morrow v. Ruiz-Beyo*, and affirm the judgment in *Ing. v. Haskins.*[9]

ARMSTRONG, A.C.J., and HUNT, J., concur.

Reconsideration denied December 30, 1999.

Petition for review denied as to petitioner Carpenter and deferred as to petitioner Haskins at 141 Wn.2d 1005 (2000).

---

[8]Haskins arguably has no standing before this court because there is no evidence that he moved to set aside the judgment below by moving to vacate. *See* MAR 6.3; *Roberts*, 137 Wn.2d at 93; *Inman*, 95 Wn. App. at 87; *Pybas*, 73 Wn. App. at 398. But Ing does not challenge Haskins' standing.

[9]Ing requests attorney fees but cites no authority in support of an award. Thus, we deny his request. RAP 18.1; *Phillips Building Co. v. An*, 81 Wn. App. 696, 705, 915 P.2d 1146 (1996) (holding that RAP 18.1 requires argument and citation to authority).