[No. 23733-4-II.    Division Two.    January 21, 2000.]

CELINE PULICH, ET AL., *Appellants*, v. ROLAND DAME, ET
AL., *Respondents*.

*Timothy L. Healy* of *Benjamin Pollock Healy*; and *Charles E. Robbins*, for appellants.

*Mark J. Dynan*; and *Marilee C. Erickson* and *William Robert Hickman* of *Reed McClure*, for respondents.

SEINFELD, J. — In yet another case involving the interplay between several mandatory arbitration rules, we conclude

that a motion for a trial de novo filed before the arbitrator files proof of service of the award is premature but not untimely and that a party who moves for entry of the arbitrator's award waives a challenge to the arbitrator's failure to file proof of service. Thus, here, the plaintiff who prevailed before the arbitrator but lost at trial cannot challenge the judgment where she previously moved for entry of the arbitrator's award. Thus, we affirm.

## FACTS

Celine and David Pulich filed a personal injury lawsuit against Roland and "Jane Doe" Dame and the matter proceeded through mandatory arbitration. On February 28, 1997, the arbitrator filed an award in favor of Pulich. But the arbitrator failed to file proof of service of the award as required by MAR 6.2.

On March 6, 1997, Dame filed and served a request for trial de novo, but did not file proof of service as required by MAR 7.1(a). The superior court scheduled trial for September 1997, and the parties prepared accordingly. Later, the court continued the trial to July 1998.

On May 6, 1998, Pulich moved for entry of judgment on the arbitration award. Citing the then recently decided opinion of *Nevers v. Fireside, Inc.*, 133 Wn.2d 804, 947 P.2d 721 (1997), Pulich argued that Dame was not entitled to a trial de novo because of his failure to file proof of service of his request within 20 days of the filing of the arbitration award, as required by MAR 7.1(a). Dame resisted the motion, arguing that (1) *Nevers* is dicta, and (2) the MAR 7.1(a) deadline does not run until the arbitrator files proof of service of the award under MAR 6.2. Dame's counsel attached to his materials a declaration of proof of service of the request for a trial de novo, which he had not previously filed.

The superior court denied Pulich's motion, deciding that the *Nevers* strict compliance language is dicta and finding

that Dame substantially complied with MAR 7.1(a). The trial court expressly declined to rule on Dame's argument that the time for requesting a trial de novo had not commenced due to the arbitrator's failure to file proof of service of his award. The matter proceeded to trial, and the jury entered a verdict in favor of Dame. The trial court entered judgment accordingly. Pulich appeals.

## DISCUSSION

On appeal, Pulich argues that under *Nevers*, the trial court erred in granting the request for a trial de novo because of Dame's failure to file timely proof of service of his request for a trial de novo. Pulich asks us to set aside the judgment entered after the trial de novo and enter judgment on the arbitrator's award.

Dame responds that: (1) the failure of proof of service is not a jurisdictional defect; (2) having waited 14 months for trial, Pulich is barred from challenging the judgment by principles of waiver, equitable estoppel, and laches; (3) entry of judgment on the arbitrator's award would violate his constitutional right to a jury trial; (4) inconsistencies between MAR 7.1(a) and the pertinent statute, RCW 7.06.050, must be resolved in favor of the statute; and (5) *Nevers* should apply prospectively only.

This appeal involves the interplay among MAR 6.2, 6.3, and 7.1(a). We conduct a de novo review of the application of these rules to a particular set of facts. *Haywood v. Aranda*, 97 Wn. App. 741, 743, 987 P.2d 121 (1999); *Kim v. Pham*, 95 Wn. App. 439, 441, 975 P.2d 544, *review denied*, 139 Wn.2d 1009 (1999).

"RCW 7.06 authorizes mandatory arbitration of civil cases." *Roberts v. Johnson*, 137 Wn.2d 84, 88, 969 P.2d 446 (1999). RCW 7.06.030 authorizes promulgation of rules to govern mandatory arbitration procedures. *Roberts*, 137 Wn.2d at 88. These Mandatory Arbitration Rules (MAR)

implement basic procedural requirements contained in RCW 7.06.050.[1] *Roberts*, 137 Wn.2d at 88.

Within 14 days after making a ruling on a matter in mandatory arbitration, an arbitrator "shall file the award with the clerk of the superior court, with proof of service of a copy on each party." MAR 6.2.[2] Within 20 days after filing of the arbitrator's award, an aggrieved party "may serve and file with the clerk a written request for a trial de novo in the superior court along with proof that a copy has been served upon all other parties appearing in the case." MAR 7.1(a).[3] If the aggrieved party fails to seek a trial de novo within the 20-day deadline set forth in MAR 7.1(a), the prevailing party is entitled to an entry of judgment on the award. MAR 6.3.[4]

---

[1]RCW 7.06.050 states:

"Following a hearing as prescribed by court rule, the arbitrator shall file his decision and award with the clerk of the superior court, together with proof of service thereof on the parties. Within twenty days after such filing, any aggrieved party may file with the clerk a written notice of appeal and request for trial de novo in the superior court on all issues of law and fact. Such trial de novo shall thereupon be held, including a right to jury, if demanded.

"If no appeal has been filed at the expiration of twenty days following filing of the arbitrator's decision and award, a judgment shall be entered and may be presented to the court by any party, on notice, which judgment when entered shall have the same force and effect as judgments in civil actions."

[2]MAR 6.2 provides:

"Within 14 days after the conclusion of the arbitration hearing, the arbitrator shall file the award with the clerk of the superior court, with proof of service of a copy on each party. On the arbitrator's application in cases of unusual length or complexity, the arbitrator may apply for and the court may allow up to 14 additional days for the filing and service of the award. Late filing shall not invalidate the award. The arbitrator may file with the court and serve upon the parties an amended award to correct an obvious error made in stating the award if done within the time for filing an award or upon application to the superior court to amend."

[3]MAR 7.1(a) states in pertinent part:

"Within 20 days after the arbitration award is filed with the clerk, any aggrieved party not having waived the right to appeal may serve and file with the clerk a written request for a trial de novo in the superior court along with proof that a copy has been served upon all other parties appearing in the case. The 20-day period within which to request a trial de novo may not be extended."

[4]MAR 6.3 states:

"If within 20 days after the award is filed no party has sought a trial de novo under rule 7.1, the prevailing party on notice as required by CR 54(f) shall pres-

■ MAR 7.1(a) requires that a requesting party file a request for trial de novo "along with" proof of service. *Nevers*, 133 Wn.2d at 811. The two acts, filing of the request and proof of service, are linked; "[o]ne act, in short, is not complete without the other." *Id.* at 813. Thus, timely filing of proof of service of copies of a request for trial de novo is a prerequisite to obtaining a trial de novo. *Roberts*, 137 Wn.2d at 89; *Nevers*, 133 Wn.2d at 812.

Strict compliance with MAR 7.1(a) is necessary to effectuate the Legislature's intent to relieve congested dockets and reduce delays in hearing civil cases. *Nevers*, 133 Wn.2d at 815; *Perkins Coie v. Williams*, 84 Wn. App. 733, 737, 929 P.2d 1215, *review denied*, 132 Wn.2d 1013 (1997). Consequently, a trial court cannot grant a trial de novo unless the requesting party has served the request *and* filed proof of that service within the 20-day limit imposed by MAR 7.1(a). *Roberts*, 137 Wn.2d at 89; *Nevers*, 133 Wn.2d at 813.

■ Similarly, strict compliance applies to the filing of arbitration awards under MAR 6.2. *Roberts*, 137 Wn.2d at 90. MAR 6.2 requires an arbitrator to file the award "with proof of service." *Roberts*, 137 Wn.2d at 91. Thus, "the filing of one document (the award) is not complete without filing of the other (proof of service)." *Id.*

■ Accordingly, the filing of an arbitration award is not perfected pursuant to MAR 6.2 until the arbitrator files both the award and proof of service. *Roberts*, 137 Wn.2d at 93; *Inman v. Netteland*, 95 Wn. App. 83, 87, 974 P.2d 365 (1999). Because filing of the arbitration award under MAR 6.2 triggers the MAR 7.1(a) 20-day time limit for filing a request for trial de novo, the 20-day period does not begin until the arbitrator has filed both the award and proof of

ent to the court a judgment on the award of arbitration for entry as the final judgment. A judgment so entered is subject to all provisions of law relating to judgments in civil actions, but it is not subject to appellate review and it may not be attacked or set aside except by a motion to vacate under CR 60."

service. *Roberts*, 137 Wn.2d at 93; *Inman*, 95 Wn. App. at 87.

Based upon the above interpretations of the mandatory arbitration rules, we agree that a trial court may not grant a trial de novo before the filing of a proper request.[5] "[I]t is only when there has been timely service *and* filing of proof of that service, that the court may conduct a trial de novo." *Nevers*, 133 Wn.2d at 812 (emphasis added).

Nonetheless, because the arbitrator had not filed proof of service of the award, Pulich was not entitled to entry of judgment on the arbitration award. A trial court cannot enter judgment under MAR 6.3 until 20 days after the arbitrator has perfected filing of the award by filing proof of service. *Roberts*, 137 Wn.2d at 93; *Inman*, 95 Wn. App. at 91 (appellate court will reverse judgment entered before arbitrator perfected filing of award). Thus, Dame's request for a trial de novo was premature, not untimely, under MAR 6.3. *Roberts*, 137 Wn.2d at 92.

Dame's premature request for a trial de novo was not necessarily fatal because it had the potential to mature at such time as the arbitrator filed proof of service of the award under MAR 6.2. *See Carpenter v. Elway*, 97 Wn. App. 977, 990-91, 988 P.2d 1009, 1017 (1999) (reasoning that prematurely filed request and proof of service lie dormant until arbitrator perfects filing of the award). The defect of consequence was the arbitrator's failure to file proof of service of the award under MAR 6.2.

■ In appropriate circumstances, a party may waive a known right. *See Wilson v. Horsley*, 137 Wn.2d 500, 510, 974 P.2d 316 (1999) (discussing waiver of right to jury trial).

---

[5]We reject Pulich's argument that the trial court lacked jurisdiction to hold a trial de novo. MAR 1.3(a) provides, in pertinent part: "A case filed in the superior court remains under the jurisdiction of the superior court in all stages of the proceeding, including arbitration." Thus, the superior court does not lose jurisdiction when a case is transferred to mandatory arbitration. *Roberts*, 137 Wn.2d at 92-93; *Nevers*, 133 Wn.2d at 812 n.4. "*Nevers*, *Roberts*, and MAR 1.3(a), make clear that the superior court maintains jurisdiction over cases despite noncompliance with the proof of service requirements of MAR 7.1(a) and 6.2." *Cook v. Von Stein*, 97 Wn. App. 701, 707, 985 P.2d 956 (1999).

Here, Pulich's right to enforce the arbitration award was predicated upon proper filing of that award under MAR 6.2. *Roberts*, 137 Wn.2d at 90-91; MAR 6.2. By failing to have this defect corrected before the trial court rendered its verdict, Pulich waived any subsequent claim that the trial court lacked authority to hold trial for want of a properly filed award. *See Cook v. Von Stein*, 97 Wn. App. 701, 708, 985 P.2d 956 (1999) (holding that party who went to trial absent filing of proof of service request waived postverdict objection to MAR 7.1(a) defect); *Wright v. Miller*, 93 Wn. App. 189, 195, 963 P.2d 934 (1998), *review denied*, 138 Wn.2d 1017 (1999) (holding that under doctrine of invited error party waived postverdict claim of MAR 7.1(a) filing defect); *Westberg v. All-Purpose Structures, Inc.*, 86 Wn. App. 405, 413, 936 P.2d 1175 (1997) (holding that party waived right to jury trial by failing, without good cause, to participate in arbitration hearing). Consequently, we treat Dame's request for a trial de novo as perfected at the time he filed proof of service of his request for a trial de novo.

■ An appellate court can sustain a trial court's judgment on any grounds established by the pleadings and supported by the evidence even if the trial court did not consider such grounds. *LaMon v. Butler*, 112 Wn.2d 193, 200-01, 770 P.2d 1027 (1989); *Wendle v. Farrow*, 102 Wn.2d 380, 382, 686 P.2d 480 (1984). Here, we find grounds to affirm.

Although generally a trial court lacks authority to conduct a trial de novo until the arbitrator has filed both the award and proof of service of the award, in this case Pulich invited the error by failing to timely take steps to correct the arbitrator's filing error. *See Wright*, 93 Wn. App. at 195. "The doctrine of invited error 'prohibits a party from setting up an error at trial and then complaining of it on appeal.' " *State v. Wakefield*, 130 Wn.2d 464, 475, 925 P.2d 183 (1996) (quoting *State v. Pam*, 101 Wn.2d 507, 511, 680 P.2d 762 (1984), *overruled on other grounds*, *State v. Olson*, 126 Wn.2d 315, 893 P.2d 629 (1995)).

In *Wright*, the party requesting a trial de novo proceeded

to trial without timely filing proof of service under MAR 7.1(a). 93 Wn. App. at 194-95. Unhappy with the verdict, the demanding party appealed on the basis of its own failure to comply with MAR 7.1(a). *Wright*, 93 Wn. App. at 195. The *Wright* court held that it could not permit the demanding party to benefit from an error it created. *Id.*

Here, the roles are different but the equitable issue is the same. Dame alerted the trial court and Pulich of the arbitrator's failure to comply with MAR 6.2, yet Pulich never took action to cure the defect. Now, Pulich may not benefit from the error by setting aside the results of a trial that was otherwise conducted in compliance with the law. *Wright*, 93 Wn. App. at 195.

Pulich does not challenge the trial de novo judgment on the merits. Affirming the judgment under these circumstances supports the MAR's primary objective of reducing court congestion and delays in hearing civil cases. *Perkins Coie*, 84 Wn. App. at 737.

Because we resolve this case on the bases of waiver and invited error, we need not consider the other legal theories that Dame has presented in support of the judgment. ·

Accordingly, we affirm.

BRIDGEWATER, C.J., and HUNT, J., concur.