[No. 24083-1-II.   Division Two.   January 28, 2000.]

EARNESTINE SUNDERLAND, ET AL., *Respondents*, v. ALLSTATE INDEMNITY COMPANY, *Appellant*.

*Marilee C. Erickson* and *William Robert Hickman* of *Reed McClure*; and *Timothy Malarchick*, for appellant.
*Dan'l Wayne Bridges*, for respondents.

HUNT, J. — Allstate Indemnity Company appeals entry of a judgment affirming an arbitration award in favor of Earnestine and David Sunderland, arguing that: its proof of service of a request for a trial de novo satisfies MAR 7.1 (a); and, contrary to the trial court's ruling, MAR 7.1 does not require a sworn attestation that service occurred. We agree and reverse.

## FACTS

In July 1997, the Sunderlands sued Allstate, alleging

breach of contract for Uninsured Motorist (UIM) benefits, bad faith, and violations of the Consumer Protection Act for Allstate's failure to pay UIM benefits for injuries sustained in an accident with an underinsured motorist. Allstate answered, denied the Sunderlands' allegations, and filed a demand for a jury trial. The Sunderlands submitted the matter to mandatory arbitration. The arbitrator awarded the Sunderlands damages of $35,000 and filed its award on March 27, 1998.

On April 2, 1998, Allstate filed a request for trial de novo. Attached to the request was the following signed "certificate of service":

> I, Kimberly Prindel, Legal Assistant at Malarchick & Associates, counsel for defendant(s), hereby certify that on April 2, 1998 a true and correct copy of the foregoing Request for Trial de Novo was forwarded to all counsel of record via legal messenger for delivery no later than April 2, 1998.

> I swear under penalty of perjury, under the laws of the State of Washington, that the foregoing is true and correct.

On April 2, 1998, Allstate filed with the superior court its request for trial de novo, stamped "RECEIVED" "April 2, 1998" by the Sunderlands' attorneys, "Sloan, Bobrick & Oldfield." The superior court scheduled a jury trial.

Arguing that Allstate failed to file adequate proof that it served its request for trial de novo, the Sunderlands moved to confirm the arbitration award. They conceded that they had received the request in a timely manner,[1] but argued that neither the date stamp nor the certificate of service constituted adequate of proof of service as required by MAR 7.1. They contended that proof of service required an attestation that service was in fact effected.

The trial court agreed and confirmed the arbitration award, holding that Allstate had failed to file timely proof of service by attestation. The court entered judgment in favor of the Sunderlands and against Allstate. Allstate ap-

---

[1] The Sunderlands reiterated this concession at oral argument.

pealed directly to the Washington Supreme Court, which transferred the appeal to us under RAP 4.2(e)(1).

## ANALYSIS
### I. Request for Trial De Novo: Adequate Proof of Service

MAR 7.1(a) provides that within 20 days after an arbitration award is filed, an aggrieved party may file "a written request for a trial de novo in the superior court along with proof that a copy has been served upon all other parties appearing in the case." If within 20 days after the award is filed, no party has sought a trial de novo, the prevailing party shall present to the court a judgment on the award of arbitration. *Roberts v. Johnson*, 137 Wn.2d 84, 88, 969 P.2d 446 (1999); MAR 6.3.

The Supreme Court addressed the proof of service requirement of MAR 7.1 in *Nevers v. Fireside, Inc.*, 133 Wn.2d 804, 947 P.2d 721 (1997). In *Nevers*, a party filed a request for a trial de novo within the requisite 20-day period, but failed to accompany the request with proof of service. The court held that the proof of service requirement is mandatory and must be obeyed in order to obtain a trial de novo. *Nevers*, 133 Wn.2d at 812. The court rejected the argument that substantial compliance with MAR 7.1 was sufficient, *Nevers*, 133 Wn.2d at 813, and explained in a footnote, "According to MAR 1.3(b)(2), all pleadings and other papers should be served in accordance with CR 5." *Nevers*, 133 Wn.2d at 810 n.3. Subsequent cases have commented that the "*Nevers* rationale mandates strict compliance with the proof of service requirement when filing an award." *Roberts*, 137 Wn.2d at 90. *Accord, Inman v. Netteland*, 95 Wn. App. 83, 90, 974 P.2d 365 (1999); *Kim v. Pham*, 95 Wn. App. 439, 445, 975 P.2d 544 (1999).

MAR 1.3(b) provides as follows:

**(b) Which Rules Apply.**

(1) *Generally.* Until a case is assigned to the arbitrator under rule 2.3, the rules of civil procedure apply. After a case is as-

signed to the arbitrator, these arbitration rules apply except where an arbitration rule states the civil rule applies.

(2) *Service.* After a case is assigned to the arbitrator, all pleadings and other papers shall be served in accordance with CR 5 and filed with the arbitrator.

Here, Allstate filed a request for a trial de novo containing a "RECEIVED" stamp as well as a sworn certificate of service declaring that a named legal assistant had forwarded a copy of the request for a trial de novo to counsel of record via legal messenger on April 2, 1998. But the trial court ruled: that the CR 5(b)(2)(B) attestation requirement for service by mail also applies to service by delivery and requires a sworn statement by the messenger that service did in fact occur; and that "proof of service must be done by attestation in light of *Nevers* policy of strict compliance."

But CR 5(b)(1) contains no analogous subsection describing what constitutes adequate proof of service accomplished by delivery:

Service upon the attorney or upon a party shall be made by delivering a copy to him or by mailing it to him at his last known address or, if no address is known, filing with the clerk of the court an affidavit of attempt to serve. Delivery of a copy within this rule means: handing it to the attorney or to the party; or leaving it at his office with his clerk or other person in charge thereof; or, if there is no one in charge, leaving it in a conspicuous place therein; or, if the office is closed or the person to be served has no office, leaving it at his dwelling house or usual place of abode with some person of suitable age and discretion then residing therein. . . .

The *Nevers* policy of strict compliance focused on the need to provide timely proof of service of a request for trial de novo, rather than on what such proof of service should contain. We recently addressed the issue of adequacy of proof of service of a request for trial de novo under MAR 7.1(a) in *Carpenter v. Elway*, 97 Wn. App. 977, 988 P.2d 1009 (1999). MAR 7.1(a) requires simply that a party file

"proof that a copy has been served." Although in *Carpenter* we did not reach the narrow issue of whether attestation is required for proof of service, we did hold that for personal service, "adequate proof of personal service under MAR 6.2 or 7.1(a) requires an indication of time, place, and manner" of service. *Carpenter*, 97 Wn. App. at 989.

▮ Here, Allstate's declaration of service, together with the Sunderlands' attorney's date stamp, indicate the time, place, and manner of service. *Carpenter*, 97 Wn. App. at 989; *see also* CR 4(g)(7).[2] Thus, it constitutes adequate proof that Allstate's request for trial de novo was delivered to the Sunderlands' attorney's office in compliance with CR 5(b)(1). Moreover, despite the Sunderlands' descriptions of potential perils of service by legal messenger, they acknowledge that here, they did receive the request for a trial de novo in a timely fashion via legal messenger delivery.

We hold that an attestation of service[3] is not required to provide the proof of service required by MAR 7.1.[4]

## II. Attorney Fees

Because the Sunderlands are not the prevailing party

---

[2]CR 4(g)(7) provides that "[i]n case of service otherwise than by publication, the return, acceptance, admission, or affidavit must state the time, place, and manner of service." Here, the declaration of service and date stamp constitute sufficient proof of service.

[3]Even if an attestation of service were required, Allstate's legal assistant's sworn statement that she gave the request for a trial de novo to a legal messenger for delivery on a certain date was sufficient. An affidavit of mailing contains no statement that service in fact occurred; service after three days is assumed. We agree with the Sunderlands that proof of service would be unassailable if: Allstate's certificate of service identified the name of the messenger service; if their (Sunderlands) attorney's date stamped "received" identified the person who actually had accepted service; and the legal messenger provided written proof that it had actually delivered the documents. But MAR 7.1 does not require such specificity for proof of service by delivery.

[4]Given our resolution of this issue, we do not address Allstate's claim that it was denied its constitutional right to a trial by jury. *See City of Mount Vernon v. Weston*, 68 Wn. App. 411, 414, 844 P.2d 438 (1992), *review denied*, 121 Wn.2d 1024 (1993) (this court does not reach a constitutional issue if the case can be decided on nonconstitutional grounds).

and there is no applicable law entitling them to attorney fees, we deny their request for attorney fees on appeal.

Reversed and remanded.

BRIDGEWATER, C.J., and SEINFELD, J., concur.

Review denied at 141 Wn.2d 1031 (2000).