2015 SEP -8 AM 8: 3.


# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| DEBORAH PIMENTEL, | ) |
| | ) No. 72046-5-I |
| Appellant, | ) |
| | ) DIVISION ONE |
| v. | ) |
| | ) UNPUBLISHED OPINION |
| GORDON LUND, individually and dba | ) |
| LUND HANDYMAN SERVICES; HCC | ) |
| SPECIALTY SERVICES, INC., a | ) |
| Massachusetts corporation dba; DOE | ) |
| CORPORATIONS 1-10 and DOES 1-10, | ) |
| inclusive, | ) |
| | ) |
| Defendants, | ) |
| | ) |
| AMERICAN CONTRACTORS | ) |
| INDEMNITY COMPANY BOND NO. | ) |
| 100097406 | ) |
| | ) |
| Respondent. | ) FILED: September 8, 2015 |
| | ) |

PER CURIAM – Deborah Pimentel appeals an order striking her post-arbitration request for a trial de novo and dismissing her claims against American Contractors Indemnity Company (ACIC). We affirm.

In June 2013, Pimentel sued Gordon Lund, acting as principal, and ACIC, acting as surety for Lund, for an alleged breach of a construction contract. On March 4, 2014, an arbitrator ruled for the defendants.

On March 25, 2014, Pimentel, appearing pro se, filed a trial de novo request. ACIC moved to strike the request on the basis of untimely service. The trial court struck the request as "untimely served," dismissed Pimentel's claims against ACIC, and subsequently awarded ACIC attorney fees under MAR 7.3 and RCW 18.27.040(6). Pimentel then filed this appeal.

On October 28, 2014, the trial court dismissed Pimentel's remaining claims against Lund and other defendants for failing to comply with the trial de novo case schedule. Pimentel has not appealed that order.

Preliminarily, ACIC contends the appeal is moot because Pimentel did not appeal the court's dismissal of her claims against the principal, Lund, and therefore there can be no liability on the part of ACIC. Given that Lund's dismissal was not on the merits, that Pimentel apparently prevailed against Lund at the underlying arbitration, and that there is no showing that Lund is a necessary party to an action against the surety, ACIC, we decline to decide this case on mootness grounds.

We conclude, however, that Pimentel's argument on appeal—i.e., that she timely *filed* her request for a trial de novo—is unavailing. MAR 7.1(a) requires an aggrieved party to file *and serve* a request for trial de novo within 20 days after the arbitrator files proof of service. This rule is strictly enforced. Pulich v. Dame, 99 Wn. App. 558, 563, 991 P.2d 712 (2000). If service is by mail, CR 5(2)(a)

deems service perfected upon the third day following the day the request is mailed.

Here, the superior court ruled that Pimintel's request for a trial de novo was not timely *served*. Pimentel's brief on appeal, however, only addresses the *filing* of her request, not its service. She thus fails to demonstrate error.

Additionally, the facts asserted in her brief support a conclusion that service was untimely. Pimentel concedes that she had to file and serve her trial de novo request by March 27, 2014. She states in her brief that "[o]n March 26, 2014, [she] filed her Request for Trial de Novo *along with Proof of Service by Mail dated March 25, 2014.*" (Emphasis added.) She identifies no other date of mailing. Under CR 5(b)(2)(a), service mailed on March 25, 2014 was not deemed complete until March 28, 2014, one day after the deadline for timely service.[1]

ACIC contends it is entitled to attorney fees on appeal because the appeal is frivolous under RAP 18.9(a),[2] it is the prevailing party under RCW

---

[1] Pimintel correctly notes that under CR 5(b)(2)(B), proof of service by mail may be made by "affidavit of the person who mailed the papers." But her brief nowhere mentions the certificate of service in which she swore that she mailed her request for a trial de novo on March 24, 2014. Nor does she respond to ACIC's arguments that the March 25, 2014 postmarks on the envelopes she mailed control over the mailing date alleged in her certificate of service, and that ACIC did not receive its envelope until April 15, 2014 due to an insufficient address.

[2] RAP 18.9(a) states in part that this court may award fees against a party who "files a frivolous appeal."

18.27.040(6), and it successfully moved to strike the trial de novo request as untimely. MAR 7.3. We agree and award ACIC fees on appeal subject to its compliance with RAP 18.1.

Affirmed.

FOR THE COURT: