[No. 64678-3. En Banc.]
Argued June 11, 1997. Decided December 4, 1997.
CORY B. NEVERS, ET AL., *Respondents*, v. FIRESIDE, INC., *Petitioner.*

*Lund & Williams, P.S.*, by *David P. Williams*, for petitioner.

*Paul H. King*, for respondents.

ALEXANDER, J. — Fireside, Inc. obtained review of a decision by Division One of the Court of Appeals in which that court reversed the King County Superior Court's denial of a request by the respondents, Cory Nevers and Steven Anderson, for a trial de novo of a civil action that had previously been transferred to mandatory arbitration. The primary issue before us is whether it is fatal to Nevers and Anderson's request for a trial de novo that they failed to file proof, within 20 days of the date an arbitration award in favor of Fireside was filed, that they had served Fireside with a copy of the request. We conclude that it is and, consequently, reverse the Court of Appeals and reinstate the superior court's order denying the respondents' request for trial de novo.

The facts of this case are essentially undisputed. Nevers and Anderson brought suit in King County Superior Court against Fireside for back wages, including liquidated damages, totaling $25,905.82. Pursuant to RCW 7.06.020(1), the suit was transferred by the superior court to mandatory arbitration.[1] The court's Mandatory Arbitration

---

[1]RCW 7.06.020(1) states in pertinent part:

(1) All civil actions, except for appeals from municipal or district courts, which are at issue in the superior court in counties which have authorized arbitration, where the sole relief sought is a money judgment, and where no

Department then scheduled an arbitration hearing for January 28, 1994. On that day, Fireside appeared and raised several jurisdictional issues which the arbitrator felt required briefing by both parties. The arbitrator, therefore, continued the arbitration hearing and requested that both parties submit briefing on the issues raised by Fireside no later than 10 days prior to the date of the reconvened arbitration hearing.

In a letter to attorneys for both parties dated March 11, 1994, the arbitrator requested that they each submit a brief by the end of that month addressing what the arbitrator described as the "severe jurisdictional issues" that Fireside had raised on January 28. Clerk's Papers (CP) at 19. The arbitrator stated:

> Following my rulings, we will set an arbitration date if one is still necessary . . . . Given the posture of this case, *the submission of briefs will be mandatory in order to keep this case going . . . . If the Plaintiffs [Nevers and Anderson] wish to keep their case alive, they must submit a brief . . . .*

CP at 10 (emphasis added). Fireside submitted a brief, but Nevers and Anderson did not. Consequently, on April 4, 1994, the arbitrator entered an award in favor of Fireside, stating that the award was based, in part, on the fact that Nevers and Anderson "failed to submit briefs on these jurisdictional issues as required by the arbitrator." CP at 9. The arbitration award was filed with the King County Superior Court on April 5, 1994.

Twenty days later, on April 25, 1994, Nevers and Anderson filed a request with the King County Superior Court for a trial de novo. That filing was not, however, accompanied by proof that they had served Fireside with a copy of the request for trial de novo. On that same date, Nevers and Anderson filed a "Motion for Reinstatement of

party asserts a claim in excess of fifteen thousand dollars, or if approved by the superior court of a county by two-thirds or greater vote of the judges thereof, up to thirty-five thousand dollars, exclusive of interest and costs, are subject to mandatory arbitration.

Plaintiffs' Right to Trial De Novo . . . ." CP at 12-16. In support of their motion, they indicated that they did not receive the arbitrator's letter of March 11 requiring submission of briefs, and thus did not "intentionally" fail to participate in the arbitration proceeding. CP at 15.

On April 26, 1994, the King County Arbitration Director filed a "Notice of Waiver of Right to Trial De Novo . . . ." with the superior court. CP at 71. It stated that Nevers and Anderson had waived their right to a trial de novo by "failing to participate in the arbitration hearing held before Ervin Desmet [arbitrator]." CP at 71.

Thereafter, the King County Superior Court entered an order denying Nevers and Anderson's motion to reinstate their right to trial de novo. In doing so, the trial court indicated that even if counsel for Nevers and Anderson did not receive the arbitrator's March 11 letter, "the issue ultimately is whether the request for trial de novo was timely filed and served." CP at 111. It resolved that issue by concluding that "neither service nor filing was accomplished within the twenty days following the arbitrator's ruling . . . ." CP at 111.[2]

Nevers and Anderson then sought reconsideration of the superior court's denial of their motion for reinstatement of right to trial de novo. The superior court denied their motion for reconsideration concluding in pertinent part that:

> 1. The request for trial de novo was filed timely on April 25, given the corrected date for the filing of the award (April 5).
>
> 2. Service of the request was not accomplished. No proof of service is on file to date.
>
> 3. Plaintiffs indicate the failure to file earlier was the result of advice of the Clerk and Arbitration staff. Assuming such advice was given as described, it was contrary to the rules

---

[2]The disparity between the date the award was signed (April 4, 1994) and the date it was filed (April 5, 1994) apparently contributed to the trial court's initial conclusion that the request for trial de novo was filed one day late.

and to case law. The Court has substantial doubt that whatever remarks were actually made were properly understood. However, the request for trial de novo was still timely filed; no explanation exists for failure to serve by that date.

4. The rule requires both service and filing to be accomplished by the twentieth day; compliance with the rules is "jurisdictional" in the sense that the court is without authority to extend the deadline.

CP at 142 (citations omitted).

Nevers and Anderson appealed the superior court's decision to Division One of the Court of Appeals. That court reversed the superior court. We, thereafter, granted Fireside's petition for discretionary review. Fireside's contention on appeal is that the superior court correctly denied Nevers and Anderson's motion to reinstate their right to a trial de novo on the basis that Nevers and Anderson failed to timely file proof with the superior court that they had served Fireside with a copy of their request for a trial de novo.

The mandatory arbitration of civil actions is provided for in chapter 7.06 RCW. RCW 7.06.030 indicates that the procedures to implement the mandatory arbitration of civil actions are as provided in rules adopted by the Supreme Court. Those rules, which are known as the SUPERIOR COURT MANDATORY ARBITRATION RULES (MAR), like all other court rules, are interpreted as though they were drafted by the Legislature. As such, we construe them in accord with their purpose. *State v. Wittenbarger*, 124 Wn.2d 467, 484, 880 P.2d 517 (1994) (citing *PUD No. 1 v. WPPSS*, 104 Wn.2d 353, 369, 705 P.2d 1195 (1985)). Furthermore, just as the construction of a statute is a matter of law requiring de novo review, so is the interpretation of a court rule. *See Westberg v. All-Purpose Structures, Inc.*, 86 Wn. App. 405, 409, 936 P.2d 1175 (1997).

A party to an arbitration award who is "aggrieved" may request a trial de novo in superior court by serving and filing with the clerk of the superior court, within 20

days after the arbitration award is filed, a written request for a trial de novo *"along with* proof that a copy has been served upon all other parties appearing in the case." MAR 7.1(a) (emphasis added). As noted above, Nevers and Anderson filed their request for a trial de novo within 20 days of the date the arbitration award was filed. They did not, however, accompany that filing with proof that they had served Fireside with a copy of the request. Indeed, there is no indication in the record that proof of such service has ever been filed with the superior court. The most that can be said is that on the 20th day after the arbitrator's award was filed with the clerk of the superior court, counsel for Nevers and Anderson mailed copies of their request for a trial de novo and their motion to reinstate their right to trial de novo to Fireside's counsel. We are satisfied that even if proof of such a mailing had been filed with the clerk of the superior court on April 25, 1995, it would not have constituted "proof" that Nevers and Anderson served Fireside with a copy of their request for a trial de novo within the 20-day time limit set forth in MAR 7.1.[3]

Nevers and Anderson basically concede that they did not strictly comply with MAR 7.1. They suggest, rather, that by depositing a copy of their request for a trial de novo in the mail on April 25, 1994, they were in substantial compliance with the rule. Fireside responds that there must be strict compliance with the filing requirements of MAR 7.1(a). It argues, alternatively, that even if substantial compliance with the rule is sufficient, Nevers and Anderson did not substantially comply with the rule because Fireside's counsel did not receive actual notice of their request for a trial de novo within 20 days of the date

---

[3]According to MAR 1.3(b)(2), all pleadings and other papers should be served in accordance with CR 5. CR 5(b)(2)(A), which governs service by mail, indicates that such service is not deemed complete until the third day after mailing. *See also Jankelson v. Lynn Constr., Inc.,* 72 Wn. App. 232, 236, 864 P.2d 9 (1993) ("A party may comply with the rule's [MAR 7.1(a)] *service* deadline by mail; provided that where service has been made by mail, the proof of service states that the mailing was made no less than 3 days before the 20-day deadline.").

the arbitrator's award was filed with the clerk of the superior court.

■ As we have observed, MAR 7.1(a) indicates that in order for an aggrieved party to obtain a trial de novo, that party must, within 20 days of the date the arbitration award is filed with the superior court, file a written request for a trial de novo "along with proof" that a copy of the written request has been served on all parties appearing in the case. Although the rule does not specifically say when copies of the request are to be served, the fact that the rule requires that proof of service be filed along with the request for trial de novo leads logically to a conclusion that copies of the request must be served on the parties to the arbitration within 20 days of the date the award is filed with the superior court.

■ The issue before us is whether the MAR 7.1(a) requirement that proof of service be filed within 20 days of the date the arbitration award is filed is mandatory and thus a condition precedent to obtaining a trial de novo. If it is, failure to strictly comply with that requirement is fatal to a request for trial de novo and the superior court's authority is limited to entering a judgment upon the arbitrator's decision and award. RCW 7.06.050; MAR 6.3. If, on the other hand, the requirement is not a condition that must be timely met in order for the superior court to conduct a trial de novo, sanctions other than dismissal may be imposed for failure to observe the dictates of the rule. *See, e.g., State v. Ashbaugh*, 90 Wn.2d 432, 583 P.2d 1206 (1978); *Schmitt v. Matthews*, 12 Wn. App. 654, 531 P.2d 309 (1975).

We are of the view that timely filing of a request for trial de novo of an arbitrator's decision in court ordered arbitration is necessary for the superior court to conduct a trial de novo. In that regard we are in accord with the Court of Appeals in *State v. Hofer*, 86 Wn. App. 497, 942 P.2d 979 (1997) to the effect that failure to strictly comply with MAR 7.1(a)'s *filing* requirement prevents the

superior court from conducting a trial de novo.[4] It follows, we believe, that the requirement in MAR 7.1(a) that proof of service of copies of the request for trial de novo be filed is also a prerequisite to obtaining a trial de novo. Our conclusion in that regard is dictated by the provisions of MAR 7.1, which make it clear that while one must timely file a request in order to obtain a trial de novo, mere filing of the request is not, by itself, sufficient. The request must, according to that rule, be filed "along with" proof that a copy of it was served on all parties to the case. We agree with Fireside that it is only when there has been timely service *and* filing of proof of that service, that the court may conduct a trial de novo. Both steps must be taken, and on this the rule is unambiguous. *See In re Stoker*, 118 Wn.2d 782, 792, 827 P.2d 986 (1992) (when interpreting a court rule, the court gives effect to the ordinary meaning of the rule's language).

If we were to conclude that it is not necessary to timely file proof of service of the request for trial de novo in order to obtain a trial de novo in superior court, we would in essence be extending the time within which to request a trial de novo. This we cannot do because we would be contradicting the additional language in MAR 7.1(a) that "[t]he 20-day period within which to request a trial de novo may not be extended." Furthermore, we would be flying in the face of MAR 6.3 which indicates that the prevailing party in an arbitration may present a final judgment "[i]f within 20 days after the award is filed no party has sought a trial de novo under rule 7.1." *See also Pybas v. Paolino*, 73 Wn. App. 393, 400 n.3, 869 P.2d 427 (1994) ("whether strict compliance is required, except in exceptional circumstances, depends on the nature of the

---

[4]The court in *Hofer* concluded that it was necessary to comply with the "basic step" of timely filing the request for trial de novo in order to invoke the superior court's jurisdiction. *Hofer*, 86 Wn. App. at 500. Although we recognize the filing of the request and proof of service with the superior court is somewhat akin to filing a notice of appeal, it is not a step that invokes the superior court's jurisdiction. That court's jurisdiction is invoked upon the filing of the underlying lawsuit and it is not lost merely because the dispute is transferred to mandatory arbitration.

words of command or direction in light of policy considerations") (citing *State v. Ashbaugh*, 90 Wn.2d 432, 583 P.2d 1206 (1978)).

We are not unmindful of the fact that our holding here is contrary in part to decisions from two Divisions of the Court of Appeals. *See O'Neill v. Jacobs*, 77 Wn. App. 366, 890 P.2d 1092 (1995) (Division Two); *Hoirup v. Empire Airways, Inc.*, 69 Wn. App. 479, 848 P.2d 1337 (1993) (Division One). In both cases, the request for trial de novo had been timely filed but the copy of the request was not served within 20 days of the date the arbitration award was filed. Those courts concluded that the filing of proof that all parties appearing in the case had been served with a copy of the request for trial de novo was a mere procedural requirement which could be satisfied by substantial compliance. *O'Neill*, 77 Wn. App. at 372; *Hoirup*, 69 Wn. App. at 483. In reaching its decision here, the Court of Appeals relied on *Hoirup* and concluded that Nevers and Anderson substantially complied with the requirements of MAR 7.1 because there was "service of the request for trial de novo on the twentieth day" and Fireside "makes no claim of prejudice."[5] *Nevers v. Fireside, Inc.*, 82 Wn. App. 441, 446, 918 P.2d 194 (1996), *review granted*, 131 Wn.2d 1008 (1997).

We believe that the aforementioned decisions of the Court of Appeals fail to appreciate that the requirement that an aggrieved party timely file its request for trial de novo is linked to the requirement that there be a filing of proof of timely service of the request. One act, in short, is not complete without the other. That, as we have observed above, is made manifest by the clear language of MAR

---

[5]This conclusion is not borne out by the record. Fireside stated in a memorandum to the superior court that prejudice to it had been "real and substantial." CP at 169. Furthermore, the conclusion that Nevers and Anderson served their request on the 20th day is not borne out by the record which indicates that counsel for Nevers and Anderson mailed a copy of the request on the 20th day after the award was filed. As we indicate in footnote three, *supra*, service by mail is not deemed complete until three days after the date of the mailing.

7.1(a) to the effect that the request for a trial de novo be filed "along with" proof of service.

We find ourselves in accord with the reasoning of Division Two of the Court of Appeals in *Jankelson v. Lynn Constr., Inc.*, 72 Wn. App. 232, 864 P.2d 9 (1993), a case that preceded *O'Neill*. In that case, in which the facts were almost identical to those here, the court indicated that MAR 7.1 is not ambiguous and "contemplates that service will have been completed within the 20 days allowed for making the request." *Jankelson*, 72 Wn. App. at 234.[6] Although the court in *Jankelson* was primarily concerned with the aggrieved party's failure to serve the nonmoving party within 20 days of the date the arbitration award was filed and did not specifically address that party's failure to file proof of service, it did state "[a] party complies with the rule's [MAR 7.1(a)] *filing* deadline by filing the request with the clerk, together with proof of service of the request on the opposing party within 20 days of the arbitration award." *Jankelson*, 72 Wn. App. at 236.

Our decision here is also consistent with our recent opinion in *Schaefco, Inc. v. Columbia River Gorge Comm'n*, 121 Wn.2d 366, 849 P.2d 1225 (1993). There we addressed the effect of a party's failure to timely file a motion for reconsideration under CR 59(b),[7] stating that a motion for reconsideration "is timely only where a party both files and serves the motion within 10 days." *Schaefco*, 121 Wn.2d at 367. Although that case dealt with another rule, it is analogous because MAR 7.1(a) and CR 59(b) each require that filing and service take place within a given period of time. Nevers and Anderson suggest that our decision in *Schaefco* is not analogous, pointing out that the

---

[6]In *O'Neill*, Division Two of the Court of Appeals distinguished its previous holding in *Jankelson*, on the ground that, unlike the nonmoving party in *Jankelson*, the nonmoving party in *O'Neill* received actual notice. *O'Neill*, 77 Wn. App. at 372.

[7]CR 59(b) states, in pertinent part, "[a] motion for a new trial or for reconsideration shall be served and filed not later than 10 days after the entry of the judgment."

disposition of the case was governed by RAP 18.8. While that is true, that fact operates against their argument that there may be substantial compliance with MAR 7.1(a). That is so because RAP 18.8 is more liberal than MAR 7.1(a) in terms of excusing compliance in that it allows an extension of time limits in extraordinary circumstances. On the other hand, as we have observed, MAR 7.1(a) forbids the extension of the 20-day time limit. *See also City of Seattle v. Public Employment Relations Comm'n*, 116 Wn.2d 923, 929, 809 P.2d 1377 (1991) (stating "[s]ervice after the time limit cannot be considered to have been actual service within the time limit").

Although our ruling is dictated by the plain language of MAR 7.1, we observe that requiring strict compliance with the filing requirements set forth in the rule better effectuates the Legislature's intent in enacting the statutes providing for mandatory arbitration of certain civil cases. The primary goal of the statutes providing for mandatory arbitration (RCW 7.06) and the MANDATORY ARBITRATION RULES that are designed to implement that chapter is to "reduce congestion in the courts and *delays in hearing civil cases.*" *Perkins Coie v. Williams*, 84 Wn. App. 733, 737, 929 P.2d 1215, *review denied*, 132 Wn.2d 1013 (1997) (emphasis added); *see Christie-Lambert Van & Storage Co. v. McLeod*, 39 Wn. App. 298, 302, 693 P.2d 161 (1984) (citing SENATE JOURNAL, 46th Legislature (1979), at 1016-17). Were we to conclude that the specific requirement of MAR 7.1 that copies of a request for trial de novo be served within 20 days of the filing of the arbitration award and that proof of that service be filed within that same period may be satisfied by substantial compliance, we would be subverting the Legislature's intent by contributing, inevitably, to increased delays in arbitration proceedings.

In light of that fact that Nevers and Anderson failed to serve copies of the request for trial de novo on Fireside within 20 days, much less file proof of service within that period, we can conclude only that the superior court correctly declined to conduct a trial de novo. Therefore, we

hold that the trial court correctly denied their request for a trial de novo as well as their motion to reinstate their right to a trial de novo. Consequently, we need not address Nevers and Anderson's argument that they substantially complied with the filing of proof of service requirement of MAR 7.1(a).

The decision of the Court of Appeals is reversed and the case remanded for reinstatement of the King County Superior Court's order denying Nevers and Anderson's request for a trial de novo.

DURHAM, C.J., and DOLLIVER, SMITH, GUY, JOHNSON, MADSEN, TALMADGE, and SANDERS, JJ., concur.