975 P.2d 544 (1999)
Mee Soon KIM Respondent,
v.
Valorey Sue PHAM; and Unknown John Does and Jane Does, Appellants.
No. 42558-7-I.
Court of Appeals of Washington, Division 1.
April 19, 1999.
As Amended on Denial of Reconsideration May 21, 1999.
*545 William Robert Hickman, Petrea Knudsen Reilly, Marilee C. Erickson, Reed McClure, Seattle, for Appellants.
Paul Bruce Apple, Buckly & Associates, Seattle, for Respondent.
BAKER, J.
Mee Soon Kim sued Valorey Sue Pham for injuries allegedly sustained in an automobile accident. Displeased with the outcome of mandatory arbitration proceedings, Pham served and filed a request for trial de novo but did not file written proof of service within the 20 day period set forth in Mandatory Arbitration Rule (MAR) 7.1(a). Kim moved to strike the request for trial de novo. The trial court granted Kim's motion and entered judgment on the arbitration award. Because failure to file written proof of service per MAR 7.1(a) is fatal to a request for trial de novo, we affirm. Kim did not request attorney fees below, but did for this appeal. Because Pham failed to improve her position after requesting a trial de novo, we grant Kim's attorney fee request for this appeal.

I
Kim filed suit against Pham for injuries allegedly sustained in a rear-end automobile accident. The case was referred to mandatory arbitration, and Kim was awarded $35,000. Pham filed a request for trial de novo within 20 days but did not file written proof of service. The case was set for a jury trial to take place in October 1997. For a variety of reasons, the parties agreed to continue the trial until March 1998.
Two weeks before the March 1998 trial date, Kim moved to strike Pham's request for trial de novo and reinstate the arbitration award. Kim's motion relied upon our Supreme Court's opinion in Nevers v. Fireside, Inc.[1] The trial court struck Pham's request for trial de novo and entered judgment on the arbitration award, holding that Nevers precluded a trial de novo.

II
Application of court rules to a particular set of facts is a question of law, reviewed de novo on appeal.[2]
RCW 7.06.050 states:
Decision and award  Appeals  Trial  Judgment
Following a hearing as prescribed by court rule, the arbitrator shall file his decision and award with the clerk of the superior court, together with proof of service thereof on the parties. Within twenty days after such filing, any aggrieved party may file with the clerk a written notice of appeal and request for a trial de novo in the superior court on all issues of law and fact. Such trial de novo shall thereupon be held, including a right to jury, if demanded. If no appeal has been filed at the expiration of twenty days following filing of the arbitrator's *546 decision and award, a judgment shall be entered and may be presented to the court by any party, on notice, which judgment when entered shall have the same force and effect as judgments in civil actions.
Mandatory Arbitration Rule 7.1(a) states:
Service and Filing. Within 20 days after the arbitration award is filed with the clerk, any aggrieved party not having waived the right to appeal may serve and file with the clerk a written request for a trial de novo in the superior court along with proof that a copy has been served upon all other parties appearing in the case. The 20-day period within which to request a trial de novo may not be extended.
The application of MAR 7.1(a) to this case is controlled by Nevers and the subsequent case of Roberts v. Johnson.[3] The plaintiffs in Nevers sued for back wages and were referred to mandatory arbitration as required by RCW 7.06.020(1).[4] Displeased with the arbitrator's decision, the Nevers plaintiffs filed a request for trial de novo 20 days after the arbitrator's decision was entered, but failed to serve that request or file proof of service on that day.[5] Because neither service nor filing of the proof of service was accomplished within 20 days of the arbitrator's ruling, the trial court dismissed the request for trial de novo as untimely.[6]
On appeal, our Supreme Court stated:
The issue before us is whether the MAR 7.1(a) requirement that proof of service be filed within 20 days of the date the arbitration award is filed is mandatory and thus a condition precedent to obtaining a trial de novo. If it is, failure to strictly comply with that requirement is fatal to a request for trial de novo and the superior court's authority is limited to entering a judgment upon the arbitrator's decision and award. RCW 7.06.050; MAR 6.3. ... We are of the view that timely filing of a request for trial de novo of an arbitrator's decision in court ordered arbitration is necessary for the superior court to conduct a trial de novo .... [filing] proof of service of copies of the request for trial de novo ... is also a prerequisite to obtaining a trial de novo.[[7]]
Pham first argues that the court's discussion in Nevers regarding the filing of proof of service is nonbinding dicta. Roberts resolves that contention contrary to Pham. In discussing Nevers, the Roberts court stated:
[W]e specifically rejected the argument that substantial compliance with the filing requirement of MAR 7.1(a) was sufficient. Allowing substantial rather than strict compliance with the filing requirement in MAR 7.1(a) would subvert the intent of the Legislature by contributing to increased delays in arbitration proceedings.[[8]]
The Supreme Court's unanimous decisions in Nevers and Roberts require us to hold that proof of service must be timely filed. However compelling Pham's policy arguments to the contrary may be, they must be addressed to the Legislature or our Supreme Court.
Pham points out that the mandatory arbitration statute only required filing of an appeal requesting trial de novo. Pham contends that inconsistencies between RCW 7.06.050 and MAR 7.1 must be resolved in favor of the statute. However, RCW 7.06.050 and MAR 7.1 do not conflict with each other. RCW 7.06.050 provides that following mandatory arbitration, "any aggrieved party may file with the clerk a written notice of appeal and request for a trial de novo."[9] The statute does not address service and proof of service. These matters are left to the rule making power of the Supreme Court.[10] In exercising its rule making power, the Court required filing proof of service *547 within 20 days.[11] There is no inconsistency between RCW 7.06.050 and MAR 7.1.
Pham further argues that Nevers does not apply retroactively. We disagree. The decision in Nevers was applied to the parties before that court.[12] The opinion interprets and explains the requirements of MAR 7.1. It does not purport to change the applicable law in any respect. Pham also argues that application of Nevers is unfair here because this case might have been tried and decided "but for" the parties postponement of trial before the Nevers decision was published. It is always possible that an appellate court will issue a decision adverse to one of the parties in a case awaiting trial. But there is no merit to the contention that litigants who postponed trial before the Nevers decision was issued are not bound by its holding. Nothing in this case prevents application of the Nevers decision to these parties.
Pham contends that the trial court's application of the Nevers decision violates her constitutional and statutory rights to trial by jury. We note that a waiver of these rights can occur when a party fails to comply with MAR procedural requirements and deadlines.[13] Because Pham failed to comply with MAR 7.1, she is not entitled to a trial de novo by jury or otherwise.
Pham further contends that Kim's dilatory as well as inconsistent conduct constitute a waiver of her right to challenge the request for trial de novo. Pham correctly notes that Kim prepared for trial, conducted discovery, and waited until March 1998 to file her motion to strike Pham's request for trial de novo. Pham cites several cases where defendants who had otherwise prepared for trial waived their right to challenge the sufficiency of process.[14] Here, Kim is not challenging defective service of process. She argues that failure to timely file proof of service of request for trial de novo precludes the trial court from conducting a trial de novo. A failure to strictly comply with the requirement to file proof of service within 20 days of the arbitration award limits a trial court's authority to entering judgment upon the arbitrator's decision and award. Kim did not waive her right to challenge the request for trial de novo.[15]
Finally, Pham contends that this court can,[16] and should, show leniency by excusing her failure to timely file proof of service because the jurisdictional requirements of MAR 7.1 are confusing. Assuming our authority to do so under these circumstances, we are not persuaded by Pham's argument. MAR 7.1 was last amended in 1989. For the last ten years MAR 7.1(a) has read: "any aggrieved party ... may serve and file with the clerk a written request for a trial de novo in the superior court along with proof that a copy has been served." (Emphasis supplied.)[17] The rule is not confusing. The only uncertainty has resulted from prior decisions of this court, rejected by the Supreme Court, that the requirement of filing proof of service within 20 days was a procedural rule as to which substantial compliance was sufficient.[18]

III
Although Kim did not request attorney fees below, she does request attorney fees *548 under either RAP 18.9(a) or MAR 7.3 for this appeal. We do not find Pham's appeal to be frivolous. MAR 7.3 states:
The court shall assess costs and reasonable attorney fees against a party who appeals the award and fails to improve the party's position on the trial de novo. The court may assess costs and reasonable attorney fees against a party who voluntarily withdraws a request for a trial de novo. "Costs" means those costs provided for by statute or court rule. Only those costs and reasonable attorney fees incurred after a request for a trial de novo is filed may be assessed under this rule.
MAR 7.3 does not directly address the instant case because it was neither adjudicated on the trial de novo nor was Pham's request "voluntarily" withdrawn. Although not explicitly stated, we interpret MAR 7.3 as requiring a mandatory award of attorney fees when one requests a trial de novo and does not improve their position at trial because they failed to comply with requirements for proceeding to a trial de novo such as MAR 7.1(a).
We affirm the trial court's decision to reinstate the arbitrator's award and grant Kim's request for attorney fees on appeal.
AFFIRMED.
COLEMAN and KENNEDY, JJ., concur.
NOTES
[1] 133 Wash.2d 804, 947 P.2d 721 (1997).
[2] Buckner, Inc. v. Berkey Irrigation Supply, 89 Wash.App. 906, 911, 951 P.2d 338 (1998), review denied 136 Wash.2d 1020, 969 P.2d 1063 (1998).
[3] 137 Wash.2d 84, 969 P.2d 446 (1999).
[4] Nevers, 133 Wash.2d at 806, 947 P.2d 721.
[5] Nevers, 133 Wash.2d at 807, 947 P.2d 721.
[6] Nevers, 133 Wash.2d at 809, 947 P.2d 721.
[7] Nevers, 133 Wash.2d at 811-812, 947 P.2d 721.
[8] Roberts, 137 Wash.2d at 90, 969 P.2d 446.
[9] RCW 7.06.050.
[10] RCW 7.06.030.
[11] MAR 7.1; Nevers, 133 Wash.2d at 812, 947 P.2d 721.
[12] See Robinson v. City of Seattle, 119 Wash.2d 34, 77, 830 P.2d 318 (1992).
[13] Westberg v. All-Purpose Structures, Inc., 86 Wash.App. 405, 412-413, 936 P.2d 1175 (1997).
[14] See e.g. In re Marriage of Maddix, 41 Wash. App. 248, 703 P.2d 1062 (1985) (failure to timely challenge service of process and presenting argument on the merits waived defense that court lacked personal jurisdiction over defendant).
[15] Nevers, 133 Wash.2d at 811-812, 947 P.2d 721.
[16] See e.g. Myers v. Harris, 82 Wash.2d 152, 509 P.2d 656 (1973) (court waived strict compliance with one year old rule requiring payment of filing fee within 30 days where litigants made good faith mistakes in interpreting rule and justice required waiver of requirement due to unduly harsh effects upon litigants).
[17] MAR 7.1(a) (emphasis supplied).
[18] O'Neill v. Jacobs, 77 Wash.App. 366, 890 P.2d 1092 (1995); Hoirup v. Empire Airways, Inc., 69 Wash.App. 479, 848 P.2d 1337 (1993).