[No. 24478-1-II. Division Two. June 16, 2000.]

LESLIE WILEY, *Petitioner*, v. DANA REHAK, ET AL., *Respondents*.

---

*Ben Shafton* (of *Morse & Bratt*), for petitioner.

*Heidi Nuss Imhof* (of *Krilich, La Porte, West & Lockner*), for respondents.

SEINFELD, J. — This case presents the question of whether, under the Mandatory Arbitration Rules (MAR), a trial court may allow an aggrieved party to add its name to a request for a trial de novo after the expiration of the time for seeking such a trial. Because the Supreme Court in *Nevers v. Fireside, Inc.*, 133 Wn.2d 804, 947 P.2d 721 (1997), *overruling O'Neill v. Jacobs*, 77 Wn. App. 366, 890 P.2d 1092 (1995) and *Hoirup v. Empire Airways, Inc.*, 69 Wn. App. 479, 848 P.2d 1337 (1993), has interpreted MAR 7.1(a) as requiring strict compliance, we conclude that the trial court lacked discretion to allow the untimely amendment to the request. Thus, we reverse.

## FACTS

Leslie Wiley was injured in a two-car collision. She sued Frank Rehak, the man she believed was the driver of the other vehicle, and shortly thereafter filed an amended complaint adding Frank Rehak's brother, Dana, as a defendant.

During discovery, she learned that Frank Rehak had not been present when the collision occurred, that Dana Rehak had been a passenger in the vehicle that struck Wiley's car, and that Kevin Prueitt had been driving. Thereafter, Wiley filed a second amended complaint, adding Prueitt as a defendant. The trial court subsequently dismissed Frank Rehak as a defendant.

The superior court transferred the case to mandatory arbitration. On November 18, 1998, the arbitrator filed the arbitration award. On November 23, the defense filed a request for trial de novo with the court. The request stated:

> PLEASE TAKE NOTICE that FRANK REHAK and DANA REHA [sic], the defendants, requests [sic] a Trial *de novo* from the Arbitration Award filed on November 13, 1998, pursuant to MAR 7.1 and LMAR 7.1.

In January 1999, Wiley moved to strike the request for trial de novo; she sought entry of judgment on the arbitration award. Prueitt then moved to amend the trial de novo request.

The trial court granted Prueitt's motion. It found that neither Frank nor Dana Rehak were aggrieved parties and, thus, could not appeal from the mandatory arbitration award. Consequently, it struck their names from the request. It also allowed the filing of an amended request that contained Prueitt's name as the aggrieved party and that related back to the date the Rehaks filed the original request.

This court subsequently granted Wiley's motion for discretionary review. She argues on appeal that the Supreme Court has interpreted the Mandatory Arbitration Rules as requiring an aggrieved party seeking a trial de novo to strictly comply with MAR 7.1(a). She contends that this means that a trial court lacks the discretion to allow the addition of an aggrieved party after the deadline for filing a trial de novo request. Wiley also disputes Prueitt's contentions that the amendment here merely corrects a scrivener's error, that the Civil Rules (CR) allow the amendment, and that justice requires it.

### I. MOTION TO STRIKE NOTICE OF TRIAL DE NOVO

RCW 7.06 provides for mandatory arbitration for all matters involving a claim up to $35,000, exclusive of costs and interest. RCW 7.06.020. The Legislature's primary goal in creating a mandatory system of arbitration for certain cases was to "reduce congestion in the courts and delays in hearing civil cases." *Perkins Coie v. Williams*, 84 Wn. App. 733, 737, 929 P.2d 1215 (1997). Under RCW 7.06.050, an aggrieved party may file a request for a trial de novo within 20 days of the arbitrator's filing of the arbitration award.[1]

---

[1] RCW 7.06.050 provides as follows:

Following a hearing as prescribed by court rule, the arbitrator shall file his decision and award with the clerk of the superior court, together with proof of

■■ Similarly, MAR 7.1(a) allows an "aggrieved party not having waived the right to appeal" to file a request for a trial de novo.[2] A party's failure to comply strictly with MAR 7.1(a)'s filing and service requirements prevents the superior court from conducting a trial de novo; substantial compliance is insufficient. *Nevers*, 133 Wn.2d at 811-13. Applying this court rule to the facts is a question of law subject to de novo review. *Kim v. Pham*, 95 Wn. App. 439, 441, 975 P.2d 544, *review denied*, 139 Wn.2d 1009, 994 P.2d 844 (1999).

Specifically, the *Nevers* court held that MAR 7.1(a) unambiguously requires the aggrieved party in a mandatory arbitration proceeding to file both a request for trial de novo and proof of service of that request within 20 days after the arbitrator files his award. 133 Wn.2d at 812. This strict compliance standard applies not only to the request for a trial de novo, it also applies to timely filing of proof of service. *Roberts v. Johnson*, 137 Wn.2d 84, 90, 969 P.2d 446 (1999); *Inman v. Netteland*, 95 Wn. App. 83, 90, 974 P.2d 365 (1999); *Kim*, 95 Wn. App. at 443.

■■ MAR 7.1(a) provides that a request for a trial de novo "*shall* be in the following form: . . . Please take notice that [name of aggrieved party] requests a trial de novo from the award filed [date]." (emphasis added). This language

---

service thereof on the parties. Within twenty days after such filing, any aggrieved party may file with the clerk a written notice of appeal and request for a trial de novo in the superior court on all issues of law and fact. Such trial de novo shall thereupon be held, including a right to jury, if demanded.

If no appeal has been filed at the expiration of twenty days following filing of the arbitrator's decision and award, a judgment shall be entered and may be presented to the court by any party, on notice, which judgment when entered shall have the same force and effect as judgments in civil actions.

[2] The arbitration rule, MAR 7.1, provides in part:

(a) Service and Filing. Within 20 days after the arbitration award is filed with the clerk, any aggrieved party not having waived the right to appeal may serve and file with the clerk a written request for a trial de novo in the superior court along with proof that a copy has been served upon all other parties appearing in the case. The 20-day period within which to request a trial de novo may not be extended.

indicates that the naming of the aggrieved party is a mandatory requirement. The word "shall" is an unambiguous term that generally imposes a mandatory duty. *Waste Management of Seattle, Inc. v. Utilities & Transp. Comm'n*, 123 Wn.2d 621, 629, 869 P.2d 1034 (1994); *Our Lady of Lourdes Hosp. v. Franklin County*, 120 Wn.2d 439, 446, 842 P.2d 956 (1993).

In *Roberts*, the Supreme Court held that the word "shall" is to be read as a mandatory requirement in the context of the mandatory arbitration rules. The *Roberts* court held there must be strict compliance with the language of MAR 6.2: "the arbitrator shall file the award with the clerk of the superior court, with proof of service of a copy on each party." 137 Wn.2d at 90.

Moreover, the strict compliance standard is consistent with public policy. *Roberts*, 137 Wn.2d at 89. In *Roberts*, the Supreme Court explained that both the plain language of the court rule and legislative intent "to reduce court congestion and delays in hearing civil cases" dictated its ruling in *Nevers*. *Roberts*, 137 Wn.2d at 89.

In its *Nevers* decision, the court reasoned,

> [w]ere we to conclude that the specific requirement of MAR 7.1 that copies of a request for trial de novo be served within 20 days of the filing of the arbitration award and that proof of that service be filed within that same period may be satisfied by substantial compliance, we would be subverting the Legislature's intent by contributing, inevitably, to increased delays in arbitration proceedings.

133 Wn.2d at 815. Similarly, if an aggrieved party not named in a request for trial de novo could amend the request to add his name, this would defeat the Legislature's intent to limit access to a trial de novo to those who properly perfect the request, thereby reducing delays in arbitration proceedings and court congestion.

Prueitt's argument that the civil rules allow this amend-

ment is unpersuasive. First, although CR 4(h)[3] and CR 60[4] allow the amendment of certain court documents, these rules do not apply to requests for trial de novo. Rather, CR 4(h) allows the amendment of the initial process and proof of service documents in a civil case and CR 60 allows for the correction of clerical errors in judgments, orders, or other parts of the record.

Second, once a case has been transferred to mandatory arbitration, the civil rules generally do not apply. MAR 1.3 provides, in pertinent part:

**(b) Which Rules Apply.**

(1) *Generally.* Until a case is assigned to the arbitrator under rule 2.3, the rules of civil procedure apply. After a case is assigned to the arbitrator, these arbitration rules apply except where an arbitration rule states that a civil rule applies.

MAR 7.1, the rule governing requests for trial de novo, does not provide for either the amendment of such requests or for the relation-back of such amendments. And nothing in the mandatory arbitration rules states that CR 4(h) or CR 60 apply in any way to requests for trial de novo. The same is true of CR 15(c), which is the source of the relation-back doctrine. Therefore, we conclude that the Legislature did not intend that the trial court have discretion to allow the amendment and relation-back of trial de novo requests.

Here, although there is no dispute that the original trial

---

[3] CR 4(h) provides:

At any time in its discretion and upon such terms as it deems just, the court may allow any process or proof of service thereof to be amended, unless it clearly appears that material prejudice would result to the substantial rights of the party against whom the process issued.

[4] CR 60(a) provides:

Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders. Such mistakes may be so corrected before review is accepted by an appellate court, and thereafter may be corrected pursuant to RAP 7.2(e).

de novo request was filed in a timely manner, the filing was a nullity because neither Frank nor Dana Rehak was an aggrieved party. Kevin Prueitt's subsequent request was filed four months after the filing of the arbitration award and, thus, was untimely. Consequently, the trial court erred in denying Wiley's motion to strike the request for trial de novo and for entry of judgment on the arbitration award.[5]

## II. ATTORNEY FEES

Wiley requests attorney fees on appeal pursuant to RAP 18.1(a)[6] and MAR 7.3.[7] Because MAR 7.3 does not directly address cases that are not adjudicated at a trial de novo, the court in *Kim* interpreted this rule as requiring "a mandatory award of attorney fees when one requests a trial de novo and does not improve their position at trial because they failed to comply with requirements for proceeding to a trial de novo such as MAR 7.1(a)." 95 Wn. App. at 446-47.

In this case, Prueitt requested a trial de novo but did not proceed to trial because of his failure to comply with the requirements of MAR 7.1(a). Thus, MAR 7.3 and the ruling in *Kim* require an award of attorney fees to Wiley.

Accordingly, we reverse and remand for entry of judgment on the arbitrator's award.

ARMSTRONG, C.J., and MORGAN, J., concur.

Review granted at 142 Wn.2d 1001 (2000).

---

[5] Wiley also assigns error to the trial court's findings of fact but, as she points out, findings are generally unnecessary and superfluous when a court rules on a motion. CR 52(a)(5)(B). Thus, we do not consider them. *Duckworth v. City of Bonney Lake*, 91 Wn.2d 19, 21-22, 586 P.2d 860 (1978); *Donald v. City of Vancouver*, 43 Wn. App. 880, 883, 719 P.2d 966 (1986).

[6] Under RAP 18.1(a), "[i]f applicable law grants to a party the right to recover reasonable attorney fees or expenses on review, the party must request the fees or expenses as provided in this rule, unless a statute specifies that the request is to be directed to the trial court."

[7] MAR 7.3 provides, in pertinent part, that "[t]he court shall assess costs and reasonable attorney fees against a party who appeals the award and fails to improve the party's position on the trial de novo."