[No. 24859-0-II. Division Two. November 17, 2000.]

RONALD D. BRANDENBURG, ET AL., *Appellants*, v. JOSEPH A. CLOUTIER, ET AL., *Respondents*.

*Ned Olwell*, for appellants.

*Marilee C. Erickson* (of *Reed McClure*), for respondents.

MORGAN, J. — The issue is whether MAR 7.3 mandates an award of reasonable attorney fees when, following arbitration under chapter 7.06 RCW, one party secures the dismissal of the other party's request for trial de novo, based on the other party's failure to comply with MAR 7.1(a). We hold that MAR 7.3 mandates an award, although not in the amount sought here.

On August 28, 1992, Ronald Dean Brandenburg and David G. Barnes (collectively Brandenburg) were in an auto accident in Clallam County. In the other vehicle were

Joseph A. Cloutier and Helen E. Cloutier (collectively Cloutier).

On August 18, 1995, Brandenburg sued Cloutier for negligence. On March 22, 1996, the case was noted for mandatory arbitration under chapter 7.06 RCW. On October 8, 1996, the arbitrator filed awards with the trial court clerk that netted out in favor of Brandenburg.

On October 31, 1996, *twenty-three* days after the arbitrator filed the awards, Cloutier filed a request for trial de novo under RCW 7.06.050 and MAR 7.1.[1] He did not file proof that he had served his request on Brandenburg.[2] MAR 7.1(a) provides:

> Within 20 days after the arbitration award is filed with the clerk, any aggrieved party not having waived the right to appeal may serve and file with the clerk a written request for a trial de novo in the superior court along with proof that a copy has been served upon all other parties appearing in the case. The 20-day period within which to request a trial de novo may not be extended.

On April 14, 1998, 17 months after Cloutier's request for trial de novo, Brandenburg moved to dismiss the request. On June 12, 1998, the trial court granted the motion.

On January 4, 1999, Brandenburg moved for reasonable attorney fees under MAR 7.3. As later supplemented, his motion sought $17,535 in fees incurred from October 28, 1996 to March 5, 1999.

On March 5, 1999, the trial court orally denied the motion for fees. On June 7, 1999, the trial court denied the motion by written order. Judgment was entered on the arbitration award, and this appeal followed.

---

[1] The signature on the request is dated October 24, 1996, but the request was filed a week later.

[2] *See Nevers v. Fireside, Inc.*, 133 Wn.2d 804, 947 P.2d 721 (1997). Brandenburg acknowledged in April 1998 that on October 28, 1996, he was served with Cloutier's request.

The sole issue on appeal is whether Brandenburg canrecover reasonable attorney fees. No one contests the dismissal of the request for trial de novo or the entry of judgment on the arbitration award.

■ Brandenburg bases his claim for fees on MAR 7.3, *Kim v. Pham*, and *Wiley v. Rehak*.[3] MAR 7.3 provides:

> The court shall assess costs and reasonable attorney fees against a party who appeals the award and fails to improve the party's position on the trial de novo. The court may assess costs and reasonable attorney fees against a party who voluntarily withdraws a request for trial de novo. . . . Only those costs and reasonable attorney fees incurred after a request for trial de novo is filed may be assessed under this rule.

*Kim*, a Division One case, "interpret[ed] MAR 7.3 as requiring a mandatory award of attorney fees when one requests a trial de novo and does not improve [his or her] position at trial because [he or she] failed to comply"[4] with MAR 7.1's requirements that a party seeking trial de novo "serve and file with the clerk," within 20 days after the filing of an arbitration award, "a written request for a trial de novo . . . along with proof that a copy has been served upon all other parties."[5] *Wiley*, a Division Two case, interpreted MAR 7.3 in the same way as *Kim*.[6] Although *Kim* and *Wiley* dealt with fees incurred on appeal, they apply equally to fees incurred at trial.[7]

Cloutier asks us to disregard *Kim*, overrule *Wiley*, and reinterpret MAR 7.3. Believing that *Kim* and *Wiley* were rightly decided, we decline.

---

[3] *Wiley v. Rehak*, 101 Wn. App. 198, 2 P.3d 497, *review granted* 142 Wn.2d 1001 (2000); *Kim v. Pham*, 95 Wn. App. 439, 975 P.2d 544, *review denied*, 139 Wn.2d 1009 (1999).

[4] *Kim*, 95 Wn. App. at 446.

[5] MAR 7.1(a).

[6] *Wiley*, 101 Wn. App. at 205.

[7] We reject Cloutier's attempt to distinguish fees incurred in the appellate court from fees incurred in the trial court. If MAR 7.3 allows fees incurred in the appellate court, as *Kim* and *Wiley* held, it necessarily allows fees in the trial court also.

Cloutier argues that even if MAR 7.3 requires or permits an award of fees in other cases, it does not require or permit an award in this case. Emphasizing that Brandenburg waited until April 1998 to file a motion to dismiss the request for trial de novo, Cloutier relies on waiver, laches, and equitable estoppel. In our view, however, none of those doctrines applies here.

Having dealt with Cloutier's arguments, we conclude that MAR 7.3 mandates an award of *some* fees, and that the trial court erred by denying *all* fees. For guidance on remand, we also conclude that the trial court did *not* err by denying a substantial part of the fees that were sought. The first *reasonable* response to a request for trial de novo is to ascertain, *by checking the court file*, (a) whether the request was filed within 20 days of the filing of the arbitration award, and (b) whether the request is accompanied by proof of service. If the court file discloses that the request was not properly filed, fees *reasonably* incurred thereafter are (a) those needed to prepare and present a motion to dismiss, and (b) those needed to resolve any other matters that cannot reasonably wait until after the motion to dismiss has been decided. By October 31, 1996, the court file in this case disclosed that neither a request for trial de novo nor proof of service of such request was filed within 20 days of the filing of the arbitration award.[8] On remand then, the trial court shall define "reasonable" fees as those that would have been incurred had the court file been examined in November 1996.

Reversed and remanded for an award of reasonable fees.

HUNT, A.C.J., and SEINFELD, J., concur.

Review denied at 143 Wn.2d 1012 (2001).

---

[8] The parties debate the effect of the absence of proof of service. Brandenburg says that the absence of proof of service should not affect the reasonableness of what he did in the fall of 1996, because *Nevers* was not decided until December 4, 1997. Cloutier says that *Nevers* was simply a pronouncement of already-existing law (*see, e.g.*, MAR 7.3). We need not reach this issue because the fact that the request for trial de novo was not filed within 20 days of October 8, 1996, affects the reasonableness of fees in the same way as *Nevers* would if applied retroactively. We note in passing that *Nevers* has been applied retroactively by Division One. *Kim*, 95 Wn. App. at 444.