[No. 26773-0-II. Division Two. February 1, 2002.]

SCOTT W. HEDLUND, ET AL., *Respondents*, v. JEFFREY VITALE, ET AL., *Appellants*.

---

*Marilee C. Erickson* (of *Reed McClure*), for appellants.
*Ronald D. Heslop*, for respondents.

SEINFELD, J. — RAP 18.1 sets forth the procedure that a party must follow to obtain attorney fees incurred on appeal to the Court of Appeals or Supreme Court. We hold that this rule applies to cases that originated in mandatory arbitration and that MAR 7.3 does not authorize the superior court to award appellate attorney fees to a party who fails to comply with RAP 18.1. Because the Hedlunds did not move for fees in the appellate court as RAP 18.1 requires, we reverse the fee award in their favor and remand for entry of a fee award limited to costs and fees incurred at the superior court level.

## FACTS

The Hedlunds sued the Vitales for injuries sustained in an automobile accident. Following mandatory arbitration, the arbitrator issued an award in the Hedlunds' favor.

The Vitales filed a request for trial de novo with the superior court but failed to file proof of service as MAR 7.1(a) requires. Subsequently, the superior court granted the Hedlunds' motion for dismissal and entered judgment in the Hedlunds' favor. The Vitales appealed.

This court affirmed.[1] As the Hedlunds did not request costs or attorney fees or file a cost bill on appeal, this court did not award fees on appeal or even address the issue.

[1] The court did not publish the opinion but its filing was noted at *Hedlund v. Vitale*, No. 23481-5-II, 98 Wn. App. 1041 (Wash. Ct. App. Dec. 22, 1999).

The Vitales petitioned the Supreme Court for review of the Court of Appeals decision. Again, the Hedlunds failed to request costs or attorney fees. The Supreme Court denied review, and the Court of Appeals mandated the case to the superior court. *Hedlund v. Vitale*, 141 Wn.2d 1002, 10 P.3d 403 (2000).

In the superior court, the Hedlunds moved for the first time for costs and attorney fees, including appellate costs and fees. The superior court granted the motion, relying on MAR 7.3.[2] The Vitales appeal the award for costs and fees related to the appeal of the superior court decision.

## DISCUSSION

The Vitales contend that the trial court lacked the authority to award appellate costs and fees where the Hedlunds failed to comply with RAP 18.1 and RAP 14.4 on appeal. The Hedlunds, relying on MAR 7.3 and *Mee Soon Kim v. Pham*, 95 Wn. App. 439, 975 P.2d 544 (1999), argue that the trial court was required to award all costs and fees

---

[2] The trial court made the following oral ruling:

This mandatory arbitration scheme is designed to divert cases into arbitration, get a speedy, less expensive resolution which benefits everybody presumably.

If somebody feels aggrieved, they can appeal. There's some incentive to not appeal, to accept the resolution. The incentive is the loser pays the other side's attorney fees. That's the philosophy of the whole thing. That's rule 7.3. There's no limitation on what stage you finally lose or win. It seems to me that the rules would contemplate fees all the way up the process.

On the other hand, you have the rules of appellate procedure which say you've got to ask for your fees in the court which makes the decision. So to me, there's a conflict there.

There's no conflict here, I don't think, that fees should be awarded, not seriously anyway given the whole state of the law. It's a question of whether the application is made in the right place. I see a conflict there.

The Supreme Court adopted both sets of rules. Rule 18.1 has an exception which provides that the Trial Court can set the fees if there's a statute which authorizes it. I see MAR 7.3 as being very similar to a statute. I'm going [to] allow the fees for that reason. If the Supreme Court wants to say we're going to resolve the conflict the other way, they can say that. There's a conflict here.

I'm going to come down on the side of the philosophy behind the mandatory arbitrary [sic] scheme and award fees to the winner.

Report of Proceedings at 9-11.

incurred after the Vitales filed their request for a trial de novo, *including* those related to the subsequent appeal.

■■■ As this appeal involves a legal issue, the interpretation of a court rule, our review is de novo. *Nevers v. Fireside, Inc.*, 133 Wn.2d 804, 809, 947 P.2d 721 (1997). The purpose of the mandatory arbitration rules is to reduce congestion in the courts by requiring that certain cases go through a mandatory arbitration process. *Nevers*, 133 Wn.2d at 815. Following an arbitration award, a party may request a trial de novo in the superior court. RCW 7.06.050; MAR 7.1(a).[3] But to discourage meritless appeals, the rule makes the requesting party liable for costs and fees should it fail to improve its position on the trial de novo:

> The court shall assess costs and reasonable attorney fees against a party who appeals the award and fails to improve the party's position on the trial de novo. The court may assess costs and reasonable attorney fees against a party who voluntarily withdraws a request for a trial de novo. "Costs" means those costs provided for by statute or court rule. Only those costs and reasonable attorney fees incurred after a request for a trial de novo is filed may be assessed under this rule.

MAR 7.3. *See also* RCW 7.06.060;[4] *Christie-Lambert Van & Storage Co. v. McLeod*, 39 Wn. App. 298, 303, 693 P.2d 161 (1984). The party requesting a trial de novo is also liable for costs and fees if the trial court denies the request due to the party's failure "to comply with the requirements for proceeding to a trial de novo." *Wiley v. Rehak*, 143 Wn.2d 339, 349, 20 P.3d 404 (2001); *see also Brandenberg v. Cloutier*, 103 Wn. App. 482, 486, 12 P.3d 664 (2000), *review denied*, 143 Wn.2d 1012 (2001); *Mee Soon Kim*, 95 Wn. App. at 446-47.

---

[3] MAR 7.1(a) states in part: "Within 20 days after the arbitration award is filed with the clerk, any aggrieved party not having waived the right to appeal may serve and file with the clerk a written request for a trial de novo in the superior court along with proof that a copy has been served upon all other parties appearing in the case."

[4] "The supreme court may by rule provide for costs and reasonable attorney's fees that may be assessed against a party appealing from the award who fails to improve his position on the trial de novo." RCW 7.06.060.

MAR 7.3 further allows for an award of costs and fees on subsequent appeals of the trial court's decision. *See Mee Soon Kim*, 95 Wn. App. at 446-47; *Yoon v. Keeling*, 91 Wn. App. 302, 306, 956 P.2d 1116 (1998); *Arment v. Kmart Corp.*, 79 Wn. App. 694, 700, 902 P.2d 1254 (1995); *Christie-Lambert*, 39 Wn. App. at 309. But to obtain costs and fees incurred on appeal, generally a party must comply with RAP 18.1 by advising the appellate court of its request. *Wilson Court Ltd. P'ship v. Tony Maroni's, Inc.*, 134 Wn.2d 692, 710 n.4, 952 P.2d 590 (1998). This involves devoting "a section of the brief to the request for the fees or expenses." RAP 18.1(b).[5] *See also Wilson Court*, 134 Wn.2d at 710 n.4.

Compliance with RAP 18.1 is not necessary, however, where "a statute specifies that the request is to be directed to the trial court." RAP 18.1(a). The Hedlunds assert that MAR 7.3 is such a statute, arguing that (1) we should treat a court rule as a statute and (2) MAR 7.3 implicitly directs a party to move for *all* fees at the trial court level.

First, we reject the Hedlunds' contention that the reference in RAP 18.1 to "statute" includes "court rule." The Hedlunds provide neither authority nor persuasive argument to support this proposition. And we believe such an interpretation of the rule would be contrary to its purpose.

The Supreme Court has inherent authority to adopt procedural rules necessary to the operation of the courts. *State v. Edwards*, 94 Wn.2d 208, 212, 616 P.2d 620 (1980). As all court rules emanate from one source, it is reasonable to conclude that when the Supreme Court promulgates a rule, it is aware of all other rules and thus can avoid adopting contradictory rules. As the Supreme Court is in a

---

[5] RAP 18.1 states in part:

(a) Generally. If applicable law grants to a party the right to recover reasonable attorney fees or expenses on review, the party must request the fees or expenses as provided in this rule, unless a statute specifies that the request is to be directed to the trial court.

(b) Argument in Brief. The party must devote a section of the brief to the request for the fees or expenses. The request should not be made in the cost bill.

position to maintain consistent rules, it need not create an exemption for a contrary rule.

But it is not reasonable to expect the Supreme Court to be aware of all legislatively enacted statutes. And even if it were aware of the statutes in existence at the time it adopted a rule, the Supreme Court could not anticipate all statutes that the legislature might enact in the future. Thus, it was reasonable for the Supreme Court to avoid a conflict between legislative and judicial branch requirements for obtaining fees by exempting a party from compliance with RAP 18.1 where a statute provides otherwise.

Second, even if we accorded MAR 7.3 the status of a statute for purposes of RAP 18.1, MAR 7.3 is silent on the trial court's authority to award costs and fees incurred in the Court of Appeals or Supreme Court. This contrasts with statutes that clearly fit within the RAP 18.1 exception. *See* 3 LEWIS H. ORLAND & KARL B. TEGLAND, WASHINGTON PRACTICE: RULES PRACTICE § RAP 18.1, at 573 (1998).[6]

For example, RCW 60.04.181(3) provides that:

> The court may allow the prevailing party in the action, whether plaintiff or defendant, as part of the costs of the action, the moneys paid for recording the claim of lien, costs of title report, bond costs, and attorneys' fees and necessary expenses incurred by the attorney in the superior court, *court of appeals*, *supreme court*, or arbitration, as the court or arbitrator deems reasonable.

(Emphasis added.) RCW 60.04.181(3) *specifically* indicates that the trial court may award the prevailing party the

---

6
Occasionally the applicable statute allowing an award of attorney fees will state that it is the *trial* court that has jurisdiction to make the award, even on appeal. One example is RCWA 60.04.130 [now RCW 60.04.181(3)], relating to mechanic's lien foreclosures. In the latter situation, RAP 18.1 is inapplicable, and the proper procedure is for the party seeking fees to request them by motion in the trial court after the appeal is filed. The appellate court will defer to the trial court's decision on whether fees should be awarded at all, but if the trial court determines that fees should be awarded, the appellate court will determine the amount to be awarded.

3 ORLAND & TEGLAND, *supra*, at 573.

costs and fees incurred in the *Court of Appeals* and the *Supreme Court*.

Further, case law supports our conclusion that compliance with RAP 18.1 is required. *See Pudmaroff v. Allen*, 138 Wn.2d 55, 69, 977 P.2d 574 (1999) (awarding attorney fees under MAR 7.3 and RAP 18.1); *Mahler v. Szucs*, 135 Wn.2d 398, 432, 957 P.2d 632 (1998) (awarding costs and fees under MAR 7.3 for appeal and remanding to trial court for calculation under RAP 18.1(i)); *Mee Soon Kim*, 95 Wn. App. at 446-47 (awarding attorney fees on appeal at respondent's request on appeal); *Yoon*, 91 Wn. App. at 306 (awarding attorney fees under MAR 7.3 on appeal upon compliance with RAP 18.1); *Arment*, 79 Wn. App. at 700 (awarding attorney fees under MAR 7.3 on appeal at respondent's request on appeal); *Christie-Lambert*, 39 Wn. App. at 309 (award of fees on appeal allowed because party requesting fees complied with RAP 18.1).

The Hedlunds also argue that mandatory compliance with RAP 18.1 will erode MAR 7.3's deterrent effect. But as MAR 7.3 supports a request for costs and fees on subsequent appeals, and as compliance with RAP 18.1 is not a significant burden, this argument lacks merit.

Nor does the *Kim* holding support the Hedlunds' position. *Kim* merely establishes that a party may request costs and fees under MAR 7.3 when the trial court denies a party's request for trial de novo due to procedural defects and that those costs and fees also may be available on appeal. 95 Wn. App. at 446-47. The *Kim* court did not address whether the trial court has authority to award costs and fees incurred on appeal and, further, the respondent in *Kim* specifically requested costs and fees on appeal. 95 Wn. App. at 446-47.

Because MAR 7.3 does not authorize a trial court to award costs and fees incurred on appeal, there was no legal basis to exempt the Hedlunds from compliance with RAP 18.1. Thus, the trial court erred when it determined that the Hedlunds were entitled to the costs and fees on appeal.

We reverse the cost and fee award related to the Hedlunds' appeal and remand to the trial court with

direction to award only those costs and fees incurred at the trial court level.

ARMSTRONG, C.J., and BRIDGEWATER, J., concur.

Reconsideration denied March 11, 2002.

Review denied at 147 Wn.2d 1015 (2002).