**NOTICE:   SLIP OPINION**
**(not the court's final written decision)**

The opinion that begins on the next page is a slip opinion.  Slip opinions are the written opinions that are originally filed by the court.

A slip opinion is not necessarily the court's final written decision.  Slip opinions can be changed by subsequent court orders.  For example, a court may issue an order making substantive changes to a slip opinion or publishing for precedential purposes a previously "unpublished" opinion.  Additionally, nonsubstantive edits (for style, grammar, citation, format, punctuation, etc.) are made before the opinions that have precedential value are published in the official reports of court decisions: the Washington Reports 2d and the Washington Appellate Reports.  An opinion in the official reports replaces the slip opinion as the official opinion of the court.

**The slip opinion that begins on the next page is for a published opinion, and it has since been revised for publication in the printed official reports.**  The official text of the court's opinion is found in the advance sheets and the bound volumes of the official reports.  Also, an electronic version (intended to mirror the language found in the official reports) of the revised opinion can be found, free of charge, at this website: https://www.lexisnexis.com/clients/wareports.

For more information about precedential (published) opinions, nonprecedential (unpublished) opinions, slip opinions, and the official reports, see https://www.courts.wa.gov/opinions and the information that is linked there.

For the current opinion, go to https://www.lexisnexis.com/clients/walawreports/.

**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 83054-6-I |
| | ) | |
| Appellant, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | |
| MARTIN OSCAR MORA-LOPEZ, | ) | |
| | ) | PUBLISHED OPINION |
| Respondent. | ) | |
| | ) | |

MANN, J. — Martin Oscar Mora-Lopez was charged with assault in the second degree and felony harassment after an alleged incident outside a homeless shelter in Bellingham. The trial court dismissed the charges with prejudice under CrR 8.3(b). The State appeals and argues that the trial court abused its discretion in finding government mismanagement, and that Mora-Lopez was prejudiced because of potential violation of his time-for-trial right under CrR 3.3.

The trial court did not abuse its discretion in determining that the State's late filing of its witness list amounted to government mismanagement. The trial court erred, however, in finding that Mora-Lopez was actually prejudiced because of a potential violation of his time-for-trial right. We reverse.

Citations and pin cites are based on the Westlaw online version of the cited material.

<u>FACTS</u>

On April 10, 2021, Mora-Lopez was arrested in Whatcom County and held in the county jail in lieu of bail. According to the affidavit of probable cause, after being denied entry to the Base Camp homeless shelter, Mora-Lopez confronted Jacob Moye. Mora-Lopez used his shoulder to bump Moye with enough force to knock him back. Mora-Lopez then pulled a knife from his pocket and took several swings at Moye. It was later discovered that the jacket Moye was wearing had two large, clean cuts on the left sleeve. Mora-Lopez was charged with one count of assault in the second degree with a deadly weapon and one count of felony harassment.

On April 16, 2021, Mora-Lopez's counsel filed a notice of appearance and demand for discovery. The discovery requests included a request for the "names and addresses of persons [the State] intends to call as witnesses at hearing or trial, any written or recorded statements . . . and the substance of any oral statements of such witnesses."

On April 21, 2021, the State filed and served its demand for discovery. The demand included a statement that the "State's Witness List will include all those named and referenced in Discovery provided to the defendant, including any necessary custodian of records required for proof of chain of custody, certification or authentication." That same day, the State provided Mora-Lopez's counsel with discovery materials that referenced several named and unnamed individuals, including: an unnamed Base Camp staff member that called 911 to report the altercation, Base Camp employee Adrian Hartnup who described the altercation to Officer Michael Shannon, Base Camp employee Adam Estrada who showed Officers Shannon and

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

Wubben surveillance footage of the incident, Officer Marty Otto, Officer Eric Kingery, an unnamed Based Camp staff, and unnamed CSI laboratory photographers.

On April 23, 2021, Mora-Lopez was arraigned and entered a plea of not guilty to both counts. A status/omnibus hearing was set for May 19, 2021, and a trial for June 14, 2021. On May 19, the parties agreed to continue the trial date from June 14, 2021, to June 21, 2021. On May 26, 2021, the court delayed the status/omnibus hearing for one day so that Mora-Lopez could be present.

On May 27, 2021, Mora-Lopez's counsel requested a one-week continuance without objection. The court scheduled a new status/omnibus hearing for June 3, 2021, with a new trial date of June 28, 2021. During the June 3 omnibus hearing, both parties confirmed the June 28, 2021, trial date. Consistent with Whatcom County Criminal Rule (WCCrR) 6.18(b)(3), the trial court directed the parties to submit witness lists by the end of the day.[1] An omnibus order was prepared and signed by both parties and filed at the end of the day on June 3. The omnibus order instructed both parties to file a witness list "2 weeks prior to trial," which conflicted with the trial court's oral instruction that the lists be provided by the end of the day. The State did not file a witness list on June 3 or two weeks prior to trial.

On June 18, 2021, Mora-Lopez's counsel e-mailed the State's attorney informing them that they had been unsuccessful in locating the alleged victim and sought

---

[1] WCCrR 6.18(b)(3) requires:

The parties must file a witness list by the end of the day on which the Omnibus Order is entered. Both parties must immediately contact their witnesses to confirm availability for trial. If a witness is not available, the party shall immediately notify the opposing party and file a motion to continue the trial date or make any other arrangement the Court may order, noting the motion for hearing on the next regular motion calendar, or as a special set with leave of the court. The Court will waive the 5-day notice requirement for a motion based on unavailability of a witness.

assistance setting up an interview. The e-mail also requested interviews with the police officers identified in the State's April 21, 2021 discovery responses. The State did not reply to the e-mail and no witness interviews were scheduled.

On June 21, 2021, the State served its witness list on the public defender's office—four business days before the scheduled trial. The State's list named eight witnesses—the alleged victim, Moye, Base Camp staff members Hartnup and Estrada, and police officers Shannon, Wubben, Otto, Kingery, and Murphy. The list did not include others referenced in the April 21, 2021, discovery.

On June 23, 2021, Mora-Lopez moved to exclude witnesses, or alternatively, to dismiss pursuant to CrR 8.3(b). Mora-Lopez argued that the State's failure to submit a witness list by the deadline was misconduct, and that the absence of the list led him to believe that the prosecution intended to forgo calling witnesses and rely on a surveillance video instead. Mora-Lopez also asserted that he was left with insufficient time to prepare for trial.

The trial court heard Mora-Lopez's CrR 8.3(b) motion to dismiss on June 24, 2021. The court concluded that the State's late filing of its witness list constituted government mismanagement and resulted in actual prejudice to Mora-Lopez's ability to prepare the case for trial. In support of its conclusion that Mora-Lopez was prejudiced, the trial court calculated the CrR 3.3(b) time-for-trial date as no later than July 7, 2021. As a result, the court concluded that the State's late disclosure left insufficient time for defense to prepare prior to the expiration of the time for trial. The trial court granted Mora-Lopez's CrR 8.3(b) motion and dismissed the case with prejudice. The trial court

No. 83054-6-I/5

denied the State's motion for reconsideration and entered findings of fact and conclusions of law supporting its decision.

The State appeals.

ANALYSIS

The State argues that the trial court abused its discretion in dismissing the charges against Mora-Lopez under CrR 8.3(b). The State asserts that the trial court erred both in determining that there was government mismanagement and that Mora-Lopez was actually prejudiced. We disagree with the State and agree with the trial court that the State committed government misconduct. We agree with the State, however, that Mora-Lopez was not actually prejudiced.

A.  Dismissal under CrR 8.3

CrR 8.3(b) addresses dismissal of criminal charges based on arbitrary government acts or misconduct:

> The court, in furtherance of justice, after notice and hearing, may dismiss any criminal prosecution due to arbitrary action or governmental misconduct when there has been prejudice to the rights of the accused which materially affect the accused's right to a fair trial. The court shall set forth its reasons in a written order.

"The dismissal of charges under CrR 8.3(b) is an 'extraordinary remedy.'" State v. Kone, 165 Wn. App. 420, 432, 266 P.3d 916 (2011) (quoting State v. Rohrich, 149 Wn.2d 647, 658, 71 P.3d 638 (2003)). A trial court may only dismiss charges under CrR 8.3(b) if the defendant shows by a preponderance of the evidence (1) arbitrary action or governmental misconduct and (2) prejudice affecting the defendant's right to a fair trial. Rohrich, 149 Wn.2d at 654. "Governmental misconduct need not be evil or dishonest. Simple mismanagement is sufficient." Kone, 165 Wn. App. at 433. The

-5-

No. 83054-6-I/6

defendant, however, "must show actual prejudice, not merely speculative prejudice affected his right to a fair trial." Kone, 165 Wn. App. at 433.

When we review a trial court's dismissal of charges under CrR 8.3 we "must ask whether the trial court's conclusion that both elements were satisfied was a 'manifest abuse of discretion.'" Rohrich, 149 Wn.2d at 654 (emphasis added) (quoting State v. Michielli, 132 Wn.2d 229, 240, 937 P.2d 587 (1997)). A trial court's decision is an abuse of discretion if it is "manifestly unreasonable, or is exercised on untenable grounds or for untenable reasons." State v. Blackwell, 120 Wn.2d 822, 830, 845 P.2d 1017 (1993). A decision is untenable "if it results from applying the wrong legal standard or is unsupported by the record." State v. Salgado-Mendoza, 189 Wn.2d 420, 427, 403 P.3d 45 (2017).

B. Government Mismanagement

The State first raises several arguments in support of its claim that the trial court erred in concluding that there was government misconduct.

After reviewing the evidence, the trial court concluded that the State had committed government misconduct. The court stated:

> Government misconduct need not be of an evil or dishonest nature; simple mismanagement is enough. Here, the State mismanaged its case by failing to file and serve a witness list in a timely manner as required by CrR 4.7, CrR 4.5, Whatcom County Local Court Rule WCCrR 6.18(b)(3), and the oral ruling of the court; failing to communicate with its witnesses regarding trial availability in a timely manner; and failing to attempt to make its witnesses available for defense interviews.

We agree with the State that substantial evidence does not support the trial court's conclusion that the prosecutor admitted that he had not communicated with the alleged victim-witness. The prosecutor did not make this admission. Rather, he stated,

"so I'm ready to go on this case.  I've subpoenaed all of my witnesses, I believe most everyone is available, but I'm prepared to go to trial Monday."  Thus, the record supports that the prosecutor had in fact communicated with the victim-witness.  We also agree with the State that the trial court's conclusion that had the State contacted the victim-witness earlier, Mora-Lopez would have had sufficient time to prepare for trial, was speculative.  But even without these statements, the trial court's conclusion that the State mismanaged the discovery process was supported by substantial evidence and not an abuse of discretion.

The State failed to file and serve its witness list until four business days before trial.  In doing so the State violated CrR 4.7,[2]  WCCrR 6.18(b)(3), the trial court's oral ruling during the omnibus hearing requiring the parties to provide witness lists by the end of the day, and the agreed written omnibus order for disclosure two weeks before trial.  While the State argues that its initial discovery included all the names ultimately included on its witness list, the witness list contained only a subset of the individuals identified in its discovery materials.  Moreover, the identifications included in the initial discovery did not comply with the requirements of CrR 4.7(a)(1)(i), including addresses and substance of statements.  The State's failure to submit its witness list on time interfered with Mora-Lopez's ability to conduct witness interviews or preparing a defense prior to the scheduled trial date.  The trial court did not abuse its discretion in concluding that the State mismanaged discovery.  Thus, the first element for dismissing charges under CrR 8.3 was satisfied.

_____

[2] CrR 4.7(a)(1)(i) requires the State to provide its witness list, including names, addresses, along with any written or recorded statements and the substance of any oral statements.  The list must be filed no later than the omnibus hearing.

No. 83054-6-I/8

C. Time for Trial

Next we consider whether the second element for dismissing charges under CrR 8.3—prejudice affecting the defendant's right to a fair trial—was satisfied. The State contends that the trial court predicated its decision on an erroneous calculation of Mora-Lopez's remaining time for trial. We agree.

The time-for-trial rule, CrR 3.3, was amended in 2003 based on a recommendation from the Washington Court's Time-For-Trial Task Force. State v. George, 160 Wn.2d 727, 737, 158 P.3d 1169 (2007). Under the revised CrR 3.3, a defendant must be brought to trial within 60 days of arraignment if they are detained on a pending charge, "or the time specified under subsection [3.3(b)(5)]."

Under CrR 3.3(b)(5), the time-for-trial clock tolls during nine specified "excluded periods" identified in CrR 3.3(e). One of the allowed excluded periods under CrR 3.3(e)(3) is for continuances granted under CrR 3.3(f). CrR 3.3(f)(2) allows the trial court to continue the trial dated based on motion of the court or party.

> On motion of the court or a party, the court may continue the trial date to a specified date when such continuance is required in the administration of justice and the defendant will not be prejudiced in the presentation of his or her defense. The motion must be made before the time for trial has expired. The court must state on the record or in writing the reasons for the continuance. The bringing of such motion by or on behalf of any party waives that party's objection to the requested delay.

(Emphasis added).

Thus, where a trial date has been continued, the time between the continuance and the new trial date is an excluded period under CrR 3.3(b)(5). Under CrR 3.3(b)(5), the new time for trial excludes this time, and "the allowable time for trial shall not expire earlier than 30 days after the end of that excluded period."

-8-

Mora-Lopez's commencement date, the date of his arraignment, was April 23, 2021. Under CrR 3.3(b)(1), Mora-Lopez's original time-for-trial date was June 22, 2021. On May 19, the trial court continued the trial to June 21, 2021.[3] Based on the plain language of CrR 3.3(e)(3), the end of the excluded period would have been June 21.[4] Under CrR 3.3(b)(5), because this date was within 30 days of Mora-Lopez's time for trial, it extended his time-for-trial date to July 21, 2021.

On May 27, 2021, Mora-Lopez's counsel requested a one-week continuance without objection. The court scheduled a new status/omnibus hearing for June 3, 2021, with an updated trial date of June 28, 2021. Again, based on the plain language of CrR 3.3(e)(3), the end of the excluded period would have been June 28, 2021. And because this date is within 30 days of Mora-Lopez's time for trial, under CrR 3.3(b)(5), the time-for-trial date was extended to no earlier than 30 days after the excluded period, or July 28, 2021. State v. Farnsworth, 133 Wn. App. 1, 11-12, 130 P.3d 389 (2006).

The trial court concluded that the State's mismanagement resulted in actual prejudice to Mora-Lopez, based on its assumption that the time-for-trial right under CrR

---

[3] Mora-Lopez argues that the May 19, 2021 order continuing the trial to June 21, 2021, did not result in an exclusionary period because the trial court did not base it on CrR 3.3 (f)(1) or (2). This appears to be a scrivener's error, as the court did not check a box next to either reasoning for the continuance. The order also lacked Mora-Lopez's signature, but the Washington State Supreme Court had issued a fifth and revised and extended order pertaining to COVID-19 that approved the use of remote hearings and eliminating the requirement that the court obtain signatures on orders to continue. Fifth Revised & Extended Order Regarding Court Operations, No. 25700-B-658, In re Statewide Response by Washington State Courts to the COVID-19 Public Health Emergency, (Wash. Feb. 29, 2021). Regardless of either of these arguments, the subsequent continuance on May 27, 2021, still affects Mora-Lopez's time to trial date, leading to the same calculation whether or not the court factored in the earlier continuance.

[4] "Just as the construction of a statute is a matter of law requiring de novo review, so is the interpretation of a court rule." Nevers v. Fireside, Inc., 133 Wn.2d 804, 809, 947 P.2d 721 (1997). As with statutes, we must give effect to the plain meaning of a rule's language. Dep't of Licensing v. Lax, 125 Wn.2d 818, 822, 888 P.2d 1190 (1995).

No. 83054-6-I/10

3.3(b)(1)(i) expired no later than July 7, 2021—approximately two weeks after the State served its late witness list. The trial court explained:

> This mismanagement resulted in actual prejudice to the defendant. A defendant is prejudiced when delayed disclosure shortly before litigation, forces him to choose between his trial date and to be represented by an adequately prepared attorney.

The court continued:

> The court has considered lesser remedies to dismissal and finds them inadequate in this case. While a continuance would have arguably allowed time for the defense attorney to prepare, it would have come at the expense of Mr. Mora-Lopez's right to a speedy trial and thus inadequate under State v. Michielli. With a Commencement Date of April 23, 2021, and accounting for excluded periods (written agreed continuance between May 19, 2021 and June 3, 2021), time for trial under CrR 3.3(b)(1)(i) would have run no later than July 7, 2021.

The trial court incorrectly calculated Mora-Lopez's time-for-trial dates based on the dates of the continuances, not the continued date of the trial itself. CrR 3.3(f) states that, upon written agreement or a motion by the court or a party, the court may continue the "trial date," not the date from the order of continuance.

Thus, the trial court's calculation of Mora-Lopez's new time-for-trial deadline was incorrect. Instead of July 7, 2021, Mora-Lopez's time for trial was July 28, 2021—over a month after the State's filed its untimely witness list. Another continuance of Mora-Lopez's trial date to allow time for the defense to prepare after the State's witness disclosure would not have resulted in a violation of Mora-Lopez's CrR 3.3(b) time for trial. The trial court's conclusion that the State's mismanagement resulted in actual prejudice to Mora-Lopez was based on an incorrect legal standard and an abuse of discretion. Salgado-Mendoza, 189 Wn.2d at 427.

-10-

Under CrR 3.3(h), "[n]o case shall be dismissed for time-to-trial reasons except as expressly required by this rule, a statute, or the state or federal constitution." Because Mora-Lopez's time-for-trial right under CrR 3.3 was not violated, dismissal of the charge under CrR 8.3 was error. State v. Kone, 165 Wn. App. at 436.[5]

Reversed.

_Mann, J._

WE CONCUR:

_Dwyer, J._                                    _Andrus, C.J._

---

[5] The trial court relied in part on our Supreme Court's 1997 decision in Michielli. In that case, the court affirmed dismissal of charges under CrR 8.3 after the State added four new charges just before the scheduled trial date, thus forcing the defendant into either waiving his time-to-trial right or proceeding to trial unprepared. The trial court's reliance was misplaced. Michielli was decided before the 2003 amendment or CrR 3.3, which added both the CrR 3.3(b)(5) excluded periods and the restriction on dismissals under CrR 3.3(h) unless there has been a violation of CrR 3.3. Here, because the trial continuances were excluded under CrR 3.5(b)(5) and Mora-Lopez did not face a choice between violating his time-to-trial right or preparing for trial, Michielli is inapposite.